Danenhoffer v. The State.

---

No. 9654.

DANENHOFFER v. THE STATE.

CRIMINAL LAW.—Assault and Battery.—Witness.—Evidence.—The defendant, who was the superintendent of a private school, whipped a boy who was a pupil in the school, and was prosecuted for an assault and battery committed in whipping the boy. On the trial of the cause the defendant was a witness in his own behalf.

Held, that the court erred in refusing to allow the defendant, in answer to a question propounded by his counsel, to testify to the whole transaction and explain the circumstances of his punishment of the boy and the offence for which the punishment was inflicted.

SAME.—Petition for Rehearing.—Practice.—In criminal as in civil causes, a rehearing will not be granted to enable parties or counsel to present questions which ought to have been, but were not, presented for decision on the original hearing.

From the Decatur Circuit Court.

C. Ewing and J. K. Ewing, for appellant.

D. P. Baldwin, Attorney General, M. D. Tackett, Prosecuting Attorney, J. O. Cravens, J. D. Miller and F. E. Gavin, for the State.

WORDEN, J.—This case has once before been in this court and the decision is reported in 69 Ind. 418. The case of *Danenhoffer* v. *The State,* in the same volume, p. 295, grew out of the correction or punishment of another school boy, under the same circumstances as are involved in this case, and we refer to that case for a statement of the general facts of this.

After the cause went back from this court, the venue was changed to the county of Decatur, where it was tried, resulting in a conviction and fine in the sum of five dollars.

On the trial the defendant testified as a witness on his own behalf, and on his examination his counsel asked him the following question, viz. :

"State whether or not the fact that Tekulve" (the person on whom the battery was charged to have been committed) "attended the funeral of Clark had anything to do with the punishment administered on that occasion—if it was any part of the cause."

The counsel for the State objected to the question on the ground that it was "improper, illegal, irrelevant, suggestive and leading." The court sustained the objection, and the defendant excepted.

This ruling was assigned as one of the causes for a new trial.

We are of opinion that none of the objections pointed out were well taken, and that the court erred in excluding the evidence. It was important to know whether the defendant punished the boy for going to the funeral or for other disobedience and insubordination, as mentioned in the case above noticed.

The defendant had a right to testify to the whole transaction, and explain the circumstances of the punishment and the offence for which it was inflicted.

The judgment below is reversed, and the cause remanded for a new trial.

### ON PETITION FOR A REHEARING.

HOWK, J.—In this cause a petition for a rehearing has been filed, on behalf of the State, upon grounds which we will

briefly consider and pass upon. The judgment of the trial court in this case was reversed, as will be seen from the original opinion, because the court had erred, as we thought, in refusing to allow the appellant, as a witness in his own behalf, to answer the following question: "State whether or not the fact that Tekulve attended the funeral of Clark had anything to do with the punishment administered on that occasion—if it was any part of the cause." This question was objected to by the State, and the objection was sustained by the trial court, on the ground that it was " improper, illegal, irrelevant, suggestive and leading." In the opinion of this court, reversing the judgment below, it was held that none of the objections pointed out to the question were well taken, "and that the court erred in excluding the evidence."

In the petition for a rehearing, the counsel for the State have apparently abandoned all of these objections to the question, except the last two, namely, that the question was " suggestive and leading." Upon these grounds of objection the learned counsel still insist that the circuit court did not err in refusing to allow the appellant to answer the question and in excluding the evidence. Upon that point we have nothing to say in addition to what is said in the original opinion.

But the attorneys for the State further insist that it is shown by the context that the appellant was not injured by ruling out this question, for, they say, the very next question asked the witness was as follows: " For what cause was the boy Tekulve punished on that occasion?" The answer was: "For not bringing over the note." It can hardly be said that it would have been a proper and pertinent answer to the question last quoted, if the appellant had responded thereto as follows: " The fact that Tekulve attended the funeral of Clark had nothing whatever to do with, and was no part of the cause for, the punishment administered to Tekulve on that occasion." It must be obvious, that, unless this supposed answer could be said to be a proper and pertinent response to the question last quoted, and surely it could not, the position of

counsel, in regard to what was shown by the context, is utterly untenable, and is not sustained by the record.

The attorneys for the State further say : "Again, even if the question was a proper one, the appellant did not show what fact was expected to be elicited from the answer of the witness to the question propounded."

In the appellant's motion for a new trial, one of the causes assigned therefor was the alleged error of the circuit court in refusing to allow him to answer the question first quoted in this opinion. In his brief of this cause in this court, his learned counsel had earnestly insisted that, for this error, a new trial ought to have been granted. They said : "The court should have permitted the defendant on the stand, as a witness in his own behalf, to expressly deny what was not said, but hinted at all through the case, that the whipping was in fact because the child had attended a Protestant funeral. He was entitled to this full denial, without having to rely upon an inference to be drawn from an answer, that assigned another cause. Interwoven into the case and all through it, as presented by the prosecution, is the fact that the child attended a Protestant funeral and was whipped. Such a conclusion is to be reached, as the counsel for the State said in argument, 'to be read between the lines.' In a criminal prosecution we are not to read between the lines and disregard the sworn testimony that such was not the case."

On the original submission of this cause, the able attorneys for the State favored this court with an elaborate brief of ten closely printed pages. It is manifest therefrom, that, in its preparation, they had before them the brief of the appellant's counsel, from which we have quoted. The counsel for the State were well advised, therefore, that the appellant relied upon the error of the trial court in refusing to allow him to answer the question first quoted, for the reversal of the judgment. Yet the attorneys for the State, throughout their elaborate brief, did not allude even to the error in question.

Danenhoffer *v.* The State.

They did not then inform this court, as they now do for the first time in the petition for a rehearing, that the appellant, by omitting to state to the court the fact he expected to prove by the answer of the witness, had failed to save the error of the court in the record, in such manner as to make it available to him on his appeal to this court. Doubtless it is true, as a general rule, that, where a party may wish to avail himself, in this court, of an alleged error of the trial court in the exclusion of offered evidence, it is due to both courts that the record should clearly show that the party had stated to the trial court, before or at the time of the exclusion of such evidence, what it was and what fact or facts it was intended to establish thereby. *Mitchell* v. *Chambers*, 55 Ind. 289.

But, in the petition filed in this case, we are asked to grant a rehearing, in so far as this last point is concerned, in order that the State, by its attorneys, may present for decision the point which the attorneys ought to have made, but failed to make, on the original submission of the cause. The point now made is, *not* that the court did not err in excluding the offered evidence, but that the appellant failed to tell the court what fact he proposed to prove, and, therefore, he could not avail himself of the error in question. This court can not grant a rehearing to enable parties to make points, or present questions, which they ought to have made or presented before the decision of the cause. If rehearings were granted for such purposes, it would be difficult for this court to arrive at the final decision of cases; and, therefore, it has been uniformly held, as we now hold, that a rehearing will not be granted for any such purpose. *Graeter* v. *Williams*, 55 Ind. 461 ; *Rikhoff* v. *Brown's Rotary Shuttle S. M. Co.*, 68 Ind. 388 ; *The Board,* etc., v. *Hall*, 70 Ind. 469, on pages 476 and 477.

The petition for a rehearing is overruled.