Schafer *v.* Schafer *et al.*

Filed March 6, 1884.

———————

No. 10,770.

## SCHAFER *v.* SCHAFER ET AL.

EVIDENCE.—*Testimony of Deceased Witness.*—As preliminary to proof of the evidence given by a deceased witness, it must be shown that he is dead, and that the witness produced remembered what his testimony was.

SAME.—*Judge's Notes of Evidence.*—Notes of the former testimony of a deceased witness, taken by the judge, are not admissible to prove such testimony.

BRIEF.—*Rehearing.*—Questions waived by the silence of the original brief can not be presented to the Supreme Court on petition for a rehearing.

From the Madison Circuit Court.

*D. Moss, R. R. Stephenson, R. Lake* and *W. A. Kittinger,* for appellant.

*J. W. Sansberry, M. A. Chipman* and *J. W. Sansberry, Jr.,* for appellees.

FRANKLIN, C.—The parties to this suit are brothers and sisters, heirs of David Schafer, Sr., deceased. Appellees commenced a proceeding in 1875 for partition of the real estate claimed to descend to them from their said common ancestor. Appellant claimed the whole of the land. This is the second time this case has been in this court. *Schafer* v. *Schafer,* 68 Ind. 374. It was then reversed for erroneously overruling a demurrer to one paragraph of the answer. And for the facts and pleadings in the case we refer to the opinion therein. The only error complained of now is the refusal to admit certain evidence upon the last trial.

Appellant, in one paragraph of his answer, sets up that in 1864, in a suit against the widow, who was the second wife of deceased, he recovered a judgment for one-third of the land. Upon this trial he also recovered that third, and one-seventh of the other two-thirds.

Upon this trial appellant offered himself as a witness in his own behalf, to prove what was testified to by Jesse McMullen and Mrs. Dunham as witnesses upon the trial between him and the widow in 1864. He offered to thus prove that McMullen then testified, "that he was acquainted with old David Schafer during his lifetime." And that is all that the bill of exceptions shows that he offered to prove as to McMullen's testimony. This was wholly immaterial, and it matters not whether McMullen was then dead or living. He also offered to prove what Mrs. Dunham testified to, but it is not shown that she was then not living.

The language of the offer is: "That Mrs. Dunham testified as stated by the notes taken by Judge Davis upon the trial of this cause, and we also offer in evidence the notes of

Judge Davis of the evidence of these two witnesses to prove their evidence upon the former trial."

Appellant had not testified that he recollected the testimony of these two witnesses given some ten years before that time, but that he offered to testify that they had testified as the notes of Judge Davis show they had testified. This evidence was clearly incompetent. And the notes of Judge Davis not being sworn to, he not being called as a witness, and that suit not being between the same parties that this is, there can be no serious pretence that the notes are competent evidence. There was no error in refusing to admit this evidence, nor in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and it is, in all things, affirmed, with costs.

Filed Dec. 19, 1883.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—In appellant's petition for a rehearing he does not object to the decision made upon the question of the admissibility of testimony; and that was the only question discussed or referred to by him in his brief herein.

But now in his petition he insists that the motion for a new trial ought to have been granted, for the reason that the verdict is not sustained by sufficient evidence.

It has been repeatedly decided by this court that questions not discussed or referred to in appellant's brief are to be treated as waived by him, and will not be considered on petition for a rehearing.

The appellant, in order to avail himself of a question upon which to reverse a judgment, must present that question in his brief upon the original submission.

PER CURIAM.—The petition for a rehearing is overruled.

Filed March 6, 1884.