The State, *ex rel.* Goodman, Prosecuting Attorney, *v.* Halter.

## THE STATE, EX REL. GOODMAN, PROSECUTING ATTORNEY, *v.* HALTER.

[No. 18,213. Filed Sept. 17, 1897. Rehearing denied Jan. 13, 1898.]

LIMITATION OF ACTIONS.— *When Applicable to Actions Brought by State.*—Section 305, Burns' R. S. 1894 (304, R. S. 1881), providing that limitations of actions shall not bar the State of Indiana, except as to sureties, applies only when the action is by the State in its own interest or in the interest of the public, and has no application where the State is but a nominal party.   *pp. 293-297.*

SAME.—*Pleading.—Action by State.—Party in Interest.—How Determined.*—Where the statute of limitations is pleaded in an action where the State is plaintiff the court must determine from the entire record whether the action seeks to enforce a public right, in the interest of the public, or a private right, for the benefit of a private person.   *p. 297.*

TAXATION.—*Action for Failure to List Property.—Action by State.*—The fact that section 8458, Burns' R. S. 1894, fixing a penalty for failure to list property for taxation authorizes the prosecuting attorney to bring an action for the violation thereof, instead of the Attorney-General, and provides that the proceeds thereof be paid into the county treasury, instead of the State treasury, in no way changes the public nature of the proceeding.   *pp. 298-300.*

SAME.—*Action for Failure to List Property.—Repealed Statute.*—By virtue of the provisions of section 248, Burns' R. S. 1894 (248, R. S. 1881), penalties and forfeitures incurred by taxpayers under section 6339, R. S. 1881, may be recovered the same as if said section had not been repealed by the tax law of 1891.   *pp. 300-302.*

SAME.—*Tax Certificates.*—Tax certificates are property, and are taxable under the tax law of 1891, as amended by the act of 1895, Acts 1895, p. 26.   *p. 302.*

PLEADING.—*Demurrer.—Answer.*—Where an answer does not purport to answer the whole complaint, which was in one paragraph, a demurrer to such answer could not be carried back and sustained to the complaint.   *p. 302.*

TAXATION.—*Failure to List Property.—Penalty.—Action For.*—The State has a separate action under the tax laws of 1881 and 1891 for each year a taxpayer gives a false or fraudulent list, schedule, or statement, or fails or refuses to deliver to the assessor a list of taxable property which he is required to list.   *p. 302.*

SAME.—*Failure to List Property.— Complaint.*—In an action under section 8458, Burns' R. S. 1894, to recover penalties for failure to list property for taxation for more than one year, the cause of action

The State, *ex rel.* Goodman, Prosecuting Attorney, *v.* Halter.

for each year should be stated in a separate paragraph of complaint. *pp. 302, 303.*

Taxation.—*Failure to List Property.—Foundation of Action.—Complaint.*—In an action to recover the penalty provided by section 8458, Burns' R. S. 1894, for failure to list property for taxation the alleged fraudulent tax lists given are not the foundation of the action and need not be filed with the complaint.    *p. 303.*

Appeal and Error.—*Record.—Bill of Exceptions.*—A motion made, and the ruling of the court thereon, to strike out part of a complaint does not become a part of the record by being copied therein by the clerk, but such motion and ruling must be brought into the record by bill of exceptions. *pp. 303, 304.*

Same.—*Record.*—Where a motion made and sustained to strike out part of a complaint is not made part of the record by bill of exceptions, the court will consider the complaint as copied in the record, and has no power to disregard the portion stricken out.    *p. 304.*

Same.—*Rehearing.*—Questions not discussed in the briefs filed before the case is decided are waived, and will not be considered on petition for rehearing.  *p. 305.*

From the Knox Circuit Court. *Reversed.*

*William A. Ketcham,* Attorney-General, *John T. Goodman, W. A. Cullop* and *C. B. Kessinger,* for appellant.

*Smith & Korbly* and *Cauthorn, Dailey & Cauthorn,* for appellee.

Monks, J.—This action was brought by appellant to recover from appellee the penalties fixed by statute for giving false lists of his taxable property to the assessor for 1895, and former years.  An answer in four paragraphs was filed.  Appellant's demurrer to the first paragraph of answer was overruled, and appellee having withdrawn the second, third, and fourth paragraphs of answer, and appellant refusing to reply to said paragraph, judgment was rendered in favor of appellee.

The only error assigned and not waived calls in question the action of the court in overruling appellant's demurrer to the first paragraph of answer.

The first paragraph of answer set up the two years' statute of limitation as a bar to so much of the com-

The State, *ex rel.* Goodman, Prosecuting Attorney, *v.* Halter.

plaint as sought to recover penalties for appellee giving false lists of his taxable property for each of the years 1891, 1892, and 1893. The amended complaint sought to recover penalties for each of the years, 1881 to 1895, inclusive. Section 294, Burns' R. S. 1894 (293, R. S. 1881), upon which the first paragraph of answer is based, provides that actions for forfeiture or penalty given by statute shall be commenced within two years after the cause of action has accrued, and not afterwards. It is expressly provided, however, by section 305, Burns' R. S. 1894 (304, R. S. 1881), that "Limitations of actions shall not bar the State of Indiana, except as to sureties." Under the revised statutes of 1852, the statute of limitations applied to and bound the State the same as individuals. Section 224, R. S. 1852, p. 78, section 224, 2 Gavin & Hord, p. 164, 2 Davis R. S. 1876, section 224, p. 129; *Cartright* v. *Briggs*, 41 Ind. 184. In 1881 the General Assembly passed an act concerning proceedings in civil cases, in which it was provided that "Limitations of actions shall not bar the state of Indiana, except as to sureties." Section 305, Burns' R. S. 1894 (304, R. S. 1881). This section restored the rule that prevailed at common law, except as to sureties, for at common law the State was not barred even as against sureties. Unless the statute expressly provides otherwise, it can not be set up as a bar to any claim or right of the State. Woods, Limitations, section 52; 13 Am. and Eng. Ency. of Law, 711, 713; *United States* v. *Nashville, etc., R. W. Co.*, 118 U. S. 120, 125, and cases cited; *United States* v. *Beebe*, 127 U. S. 338, 346; *Miller* v. *State*, 38 Ala. 600; *Moody* v. *Fleming*, 4 Ga. 115; *Josselyn* v. *Stone*, 28 Miss. 753, 762; *Parmilee* v. *McNutt*, 1 S. & M. (Miss.) 179, 182; *Hill* v. *Josselyn*, 13 S. & M. (Miss.) 597; *Commonwealth* v. *Baldwin*, 1 Watts 54, 56.

In *Pennsylvania Co.* v. *State*, 142 Ind. 428, this court held that an action brought under the act of March 9, 1889, sections 5186, 5187, Burns' R. S. 1894, commonly called the "Black-board Law," which provides that for each violation of the "act * * * * the company shall forfeit and pay the sum of twenty-five dollars, to be recovered in a civil action to be prosecuted by the prosecuting attorney * * * in the name of the State of Indiana, one half of which shall go to said prosecuting attorney and the remainder to be paid over to the county in which such proceedings are had, and shall be part of the common school fund," was not barred in two years for the reason that, under section 305 (304), *supra*, the statute of limitations did not apply where the cause of action was in favor of the State.

Appellee admits the rule as stated, but insists that the same only applies when the action is by the State in its own interest, and has no application where the State is only a nominal party. It is true the rule does not apply to cases where the action is not by the State or in the interest of the public, but the State is a nominal party, and has no real interest in the litigation, and its name is used to enforce a right solely for the benefit of private parties, as an action in the name of the State on relation of the party in interest, on the bond of a guardian, administrator, or executor, or when a person seeks to obtain a private right by mandamus in the name of the State. *United States* v. *Beebe, supra; Miller* v. *State, supra; Moody* v. *Fleming, supra;* Woods on Limitations, section 52; 13 Am. and Eng. Ency. of Law, 711-713.

In *United States* v. *Beebe, supra*, suit was brought in the name of the United States, by the Attorney-General, to set aside certain patents, and it was held that the statute of limitations was a bar. The court said,

at p. 344: "The principle that the United States are not bound by any statute of limitations, nor barred by any laches of their officers, however gross, in a suit brought by them as a sovereign government to enforce a public right, or to assert a public interest, is established past all controversy or doubt. *United States* v. *Nashville, etc., R. W. Co.*, 118 U. S. 120 and 125, and cases cited. But this case stands upon a different footing, and presents a different question. The question is, are these defenses available to the defendant in a case where the government, although a nominal complainant party, has no real interest in the litigation, but has allowed its name to be used therein for the sole benefit of a private person? It has been not unusual for this court, for the purpose of justice, to determine the real parties to a suit by reference, not merely to the names in which it is brought, but to the facts of the case as they appear on the record. * * * Applying these principles to the case, an inspection of the record shows that the government, though in name the complainant, is not the real contesting party to the title or property in the land in controversy. It has no interest in the suit and has nothing to gain from the relief prayed for, and nothing to lose if the relief is denied." And on page 347: "We are of the opinion that where the government is a mere formal complainant in a suit, not for the purpose of asserting any public right or protecting any public interest, title, or property, but merely to form a conduit through which one private person can conduct litigation against another private person, a court of equity will not be restrained from administering the equities existing between the real parties by any exemption of the government designed for the protection of the rights of the United States alone. The mere use of its name in a suit for the benefit of a private suitor cannot extend

its immunity as a sovereign government to said private suitor, whereby he can avoid and escape the scrutiny of a court of equity into the matters pleaded against him by the other party; nor stop the court from examining into and deciding the case according to the principles governing courts of equity in like cases between private litigants."

The distinction that runs through all the cases is the difference between an action in the name of the State to protect the interest of the public, and an action to enforce a private right for the sole benefit of a private person. Upon reason and authority, therefore, the rule is that, when the statute of limitations is pleaded in an action where the State is plaintiff, the court must determine, from an examination of the entire record, whether the action seeks to enforce a public right, in the interest of the public, or a private right, for the benefit of a private person. If to enforce a public right, in the public interest, the statute of limitations is not applicable; but if to enforce a private right, in a private interest, the statute is applicable, although the State is named as plaintiff.

It becomes necessary, therefore, to determine whether this action is brought in the interest of the public, to enforce a penalty for the benefit of the public, or whether it is merely a private action, to enforce liability in a private interest.

The power of taxation is essential to the very existence of government, and it is therefore inherent in the State. It is a legislative power, and is limited only by the provisions of the constitution. The constitution in this State provides that "The General Assembly shall provide, by law, for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only,

for municipal, educational, literary, scientific, religious, or charitable purposes, as may be specially exempted by law." Const., art. 10, section 1.

The legislature has enacted a tax law, under which it is the duty of every person liable to be assessed to deliver to the assessor, when called upon for that purpose, a full, true, and correct description of all of the personal property owned, held, possessed, or controlled by him on the first day of April of that year, and that he fix what he deems the true cash value thereof to each item of property. Section 8458, Burns' R. S. 1894. It is further provided that, if any person shall give a false or fraudulent list, schedule, or statement required by the statute, or shall willfully fail or refuse to deliver to the assessor, when called upon for that purpose, a list of the taxable property which he is required by law to list, said person or corporation shall be liable to a penalty of not less than $50.00, nor more than $5,000.00, to be recovered in any proper form of action, in the name of the State of Indiana on the relation of the prosecuting attorney. It is under the provisions of this section, and one of like import passed in 1881, that this action was commenced. Independent of the statute, there would bé no right of action whatever. This and other sections of the tax law were made to compel a careful observance of the law by the taxpayer, and to punish the faithless or dishonest taxpayer for his omission of this duty to the State.

Upon the tax lists and schedules as returned, when accepted by the taxing officers, taxes are levied, not simply for the locality in which the taxpayer resides, but for the benefit of the State. It is through the lists, schedules, and statements mentioned, and upon the assessments made thereon, that the State derives the greater part of the revenue upon which it exists. If

no property was returned to the taxing officers, or valued by them, for taxation, no taxes could be levied or collected, and the state government, as well as all subdivisions thereof for governmental purposes, would, under our system of government, have no revenues upon which to exist. If no taxes were paid, the State would have no revenue, and to the extent that there is a fraudulent failure or refusal to comply with the requirements of section 8458, *supra*, not corrected or supplied by the taxing officers, to just that extent are the revenues of the State diminished; and it was for the purpose of preventing such fraudulent conduct, and the result thereof upon the public revenues, both local and State, that said section was enacted. It was competent for the State to have provided in said section that the actions thereunder should be brought by the Attorney-General, and that the proceeds, when collected, should be paid into the State treasury.

The legislature, in its discretion, however, provided that instead of the action being brought by the Attorney-General, it should be brought by the prosecuting attorney, and that the proceeds should be paid into the county treasury, instead of the State treasury, and that after the money is so collected and paid in, the prosecuting attorney should receive ten per cent. on the moneys collected and paid in; but this in no way changes the public nature of the action or proceeding authorized by the General Assembly, to more effectually compel a compliance with the provisions of the tax law, and thus prevent frauds upon the revenue. Said section was enacted by virtue of the taxing power of the State, one of the highest functions of the government. When any one violates the provisions of said section, the assault is upon the State itself, and any action to recover the penalty therefor is by the

State, in the interest of the public, and for the benefit of the State. All such actions are to protect and aid the State in the exercise and enforcement of one of its highest and most important powers, one upon which its very existence depends. The particular direction which the money, when collected, is required to take, or the officer charged with the collection thereof, is simply a matter of detail resting in the discretion of the legislature, unless restrained by the provisions of the constitution (*State* v. *Indiana, etc., R. R. Co.,* 133 Ind. 69, 78, 80; *Pennsylvania Co.* v. *State, supra,* pp. 434-437), and which can in no degree affect the character of the action, or change it from one to protect the public interest to one to enforce a private right, for private purposes. It follows that the court erred in overruling appellant's demurrer to the first paragraph of answer.

Appellee insists that the amended complaint is insufficient, and that, even if the first paragraph of answer is bad, a bad answer is good enough for a bad complaint, and the demurrer should have been carried back and sustained to the complaint.

The amended complaint shows that it was an action to recover the penalty prescribed for the giving a false and fraudulent list of taxables for each of the years, 1881 to 1895, inclusive. At the time of filing the complaint, February 27, 1896, the act concerning taxation, approved March 29, 1881, had been repealed by the act of March 6, 1891. By virtue of the provisions of section 248, Burns' R. S. 1894 (248, R. S. 1881), in force since July 21, 1877, penalties and forfeitures incurred by taxpayers under section 71 of the tax law of 1881, being section 6339, R. S. 1881, may be recovered the same as if said section had not been repealed by the tax law of 1891. *Western Union Tel. Co.* v. *Brown,* 108 Ind. 538, 542; *Western Union Tel. Co.* v.

*Steele,* 108 Ind. 163; *Western Union Tel. Co.* v. *Wilson,*
108 Ind. 308, 310; *State, ex rel.,* v. *Helms,* 136 Ind. 122;
*Bruce* v. *Cook,* 136 Ind. 214; *State* v. *Hardman,* 16 Ind.
App. 357.   The complaint charged that appellee had
fraudulently  omitted  from  his  list  a  $200.00  tax
certificate for each of the years from 1891 to 1895,
inclusive, and also money loaned and credits due
to him, amounting to $2,000.00 for each of the
years 1881 to 1895, inclusive.   In section 53, of the tax
law of 1891, being section 8463, Burns' R. S. 1894, giv-
ing the form and items for the schedule to be signed
by the taxpayer, tax certificates are not specifically
mentioned.   They were first named specifically as
item five in the amendment of 1895 (Acts 1895, p. 26).
It is the policy of the State, as declared in the con-
stitution, to subject all private property, real and per-
sonal, to taxation, except such only for municipal, edu-
cational, literary, scientific, religious, or charitable
purposes as may be especially exempted by law.
Const., art. 10, section 1.

Section 3 of the tax law of 1891, being section 8410,
Burns' R. S. 1894, also provides that all property
within the jurisdiction of this State, not expressly ex-
empted shall be subject to taxation.   Section 48 of said
act, being section 8458, Burns' R. S. 1894, requires that
each year the taxpayer make to the assesor a full and
correct description of all his personal property, of
which such person was the owner, or of which he held
possession or controlled, as agent or otherwise, on the
first day of April of the current year.   And section 55
of the law, being section 8465, Burns' R. S. 1894, pro-
vides that any person or corporation shall be liable to
a penalty of not less than $50.00 nor more than
$5,000.00 for giving a false or fraudulent list or state-
ment required by the act, or for willfully failing or
refusing to deliver to the assessor, when called upon

for that purpose, a list of the taxable property he is required to list under said act. Substantially the same provisions were contained in the tax law of 1881.

Tax certificates were taxable under the tax law as amended in 1895. Acts 1895, pp. 21-28. And whether taxable before we do not determine. Such certificates should have been reported by the taxpayer under item five of the schedule set forth in the amendment of 1895. Acts 1895, p. 26.

It is true, as insisted by appellee, that a demurrer to an answer to a complaint searches the record, and reaches back to, and tests the sufficiency of the complaint; but in this case the first paragraph of answer did not answer the whole of the amended complaint, which was in one paragraph. It only purported to answer so much thereof as sought to recover a penalty for each of the years 1891, 1892, and 1893, and therefore, the demurrer to said paragraph of answer could not be carried back and sustained to the amended complaint. Under the tax laws of 1881 and 1891, each of the years the tax payer gave a false or fraudulent list, schedule or statement, or willfully failed or refused to deliver to the assessor a list of taxable property he is required to list, he was liable to a separate and distinct penalty, and the State has a separate cause of action for each year. In an action to recover penalties for more than one year, the cause of action for each year should, under our code (third clause of section 341, Burns' R. S. 1894, 338, R. S. 1881) be stated in a separate paragraph, and said several causes of action should not all be included in one paragraph of complaint, as in this case. If the causes of action alleged in the amended complaint had each been stated in a separate paragraph, as required, said first paragraph of answer would have been to the three paragraphs setting up the cause of action for the years

1891, 1892, and 1893, and, if said paragraphs of complaint had been insufficient, the rule would require that the demurrer to said answer be carried back, and sustained to said three paragraphs only. *Reed* v. *Higgins*, 86 Ind. 143; 6 Ency. of Pl. and Prac. 327-330. If the part of the complaint which said first paragraph assumed to answer was insufficient, the demurrer could only, if at all, be carried back and sustained to so much of the amended complaint as it assumed to answer, which would be for the years 1891, 1892 and 1893. And if this could be done would leave unchallenged all that part of the complaint which seeks to recover penalties for the years 1881 to 1890, inclusive, and the years 1894 and 1895.

The false and fraudulent tax lists alleged to have been given by appellee for each of the years 1881 to 1895, inclusive, were not the foundation of the action, and the failure to file the same, or copies thereof, with the amended complaint did not render the same insufficient. The action was not brought upon such lists, but the right of action was to recover the penalties fixed by the tax law, because the same for each of said years were false and fraudulent.

Judgment reversed, with instructions to sustain the demurrer to the first paragraph of answer, and for further proceedings, not inconsistent with this opinion.

## ON PETITION FOR REHEARING.

PER CURIAM: It is urged by counsel for appellee that the question of the taxation of tax certificates was not in the record, and was not before the court for decision, because the transcript shows that that part of the amended complaint was stricken out in the court below.

The clerk has copied into the transcript an entry showing that a motion was made to strike out a part

The State, *ex rel.* Goodman, Prosecuting Attorney, *v.* Halter.

of the amended complaint, and that the same was sustained. Said motion and the ruling of the court thereon are not made a part of the record by a bill of exceptions, and it has been uniformly held by this court, that such motions, and the ruling of the court thereon, form no part of the record, unless brought in by a bill of exceptions. *Dudley* v. *Pigg, post,* 363, and cases cited.

Such motion, and the ruling of the court thereon, although copied into the record by the clerk, form no part thereof and cannot be considered by this court. *Dudley* v. *Pigg, supra,* and cases cited.

The record does not show, therefore, that any part of the amended complaint was stricken out. The record not showing that any part of the amended complaint was stricken out, we are required to consider the same as copied into the record, and have no power to disregard the part pertaining to "tax certificates," any more than any other part thereof. *Dudley* v. *Pigg, supra,*

It is true, as contended by appellee, that the rule in this State is that a demurrer to an answer will search the record, and that a bad answer is good enough for a bad complaint; but in this case, as was said in the original opinion, the first paragraph of answer was not an answer to the whole complaint, which is in one paragraph, but only to a part of it, and in such case the demurrer cannot be carried back and sustained to the complaint. *Tracewell* v. *Peacock,* 55 Ind. 572. The rule urged, therefore, does not apply to this case.

The sufficiency of the complaint was not, therefore, challenged by the demurrer to the first paragraph of answer, nor is it challenged by any assignment of cross-errors.

Some questions are argued in the briefs for a rehearing that were not discussed in the original briefs. It

Sweet & Clark Co. *et al. v.* Union Nat'l Bank of Troy, New York.

is the settled rule that questions not discussed in the briefs filed before the case is decided are waived, and will not be considered on petition for rehearing. *Schafer* v. *Schafer,* 93 Ind. 586; *Funk* v. *Rentchler,* 134 Ind. 68, 76; *Jones* v. *Castor,* 96 Ind. 307, 310; *Martin* v. *Martin,* 74 Ind. 207, 210; *Johnson* v. *Jones,* 79 Ind. 141, 150; *Danenhoffer* v. *State,* 79 Ind. 75, 79; *Union School Tp.* v. *First Nat'l Bank,* 102 Ind. 464, 477.

After a review of the questions decided in the original opinion, we see no reason to change the views there expressed.

The petition for a rehearing is therefore overruled.