### GALLOWAY v. DOWD.

### WITTE v. DOWD.

Nos. 10818, 10820.

United States Court of Appeals
Seventh Circuit.

May 22, 1953.

Rehearing Denied June 18, 1953.

James C. Cooper, Public Defender of Indiana, Rushville, Ind., for appellants.

Edwin K. Steers, Atty. Gen., and Carl M. Franceschini, Deputy Atty. Gen., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

In No. 10818 petitioner seeks to reverse an order of the District Court denying his petition for a writ of habeas corpus because it appeared from the petition that appellant had failed to exhaust his available remedies in Indiana. From the averments of the petition it is clear that, on October 3, 1945, petitioner filed a motion in the state court, in the nature of coram nobis, to vacate the judgment entered against him in that court On March 15, 1952, this petition was denied. The only ground urged at that time was that petitioner had not had the services of competent counsel. He did not appeal.

Any District Court is justified in denying a petition for a writ of habeas corpus, if "it appears from the application that the applicant or person detained is not entitled thereto", 28 U.S.C. § 2243. Under this statute the court must examine the application and determine whether a hearing on the merits is proper and, if no showing of merits is made, deny the petition. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397. If the application itself affirmatively shows that available state remedies have not been exhausted, the petitioner's right to the writ in the federal court is barred. Brown v. Allen, supra.

Here petitioner has failed to appeal from the judgment of the trial court in the coram nobis proceedings to the Supreme Court of Indiana. He can not, without having exhausted Indiana's available remedies, prevail upon a petition for a writ of habeas corpus in the Federal District Court where he urges the same ground for his release as he relied upon in the state trial court, from whose judgment he has not appealed. We considered a similar situation in Kelly v. Dowd, 7 Cir., 140 F.2d 81, and what we said there is applicable here.

In No. 10820, the petitioner likewise seeks to reverse an order of the District Court denying his petition for a writ of habeas corpus. His claim is that certain sections of Burns' Indiana Statutes are unconstitutional. The application for the writ and petitioner's traverse to respondent's motion to dismiss disclose that the prisoner previously filed a petition for a writ of habeas corpus in the LaPorte Superior Court of Indiana. A motion to quash the writ was sustained. In that proceeding petitioner did not question the constitutionality of the Indiana statutes. Upon appeal to the Supreme Court of Indiana, the judgment was affirmed. In a petition for rehearing, which was denied, he sought for the first time to raise the constitutional question.

Under the Indiana authorities, petitioner's presentation of the question in the petition for rehearing came too late. Thus,

in Prunk v. Indianapolis Redevelopment Comm., 228 Ind. 579 at page 585, 93 N.E.2d 171, at page 173, the Supreme Court of Indiana said: "However, it does not appear * * * that the constitutional questions now sought to be raised were ever properly presented to the trial court. * * * Nor did the pleading whereby the appeal was taken assert the violation of any constitutional right. When a provision of a constitution is asserted to be violated it should be pointed out with such certainty that the trial court and this court have no difficulty in determining what part of the constitution is violated by it. * * * We must hold, under this state of the record, that there is no constitutional issue on the merits presented here." See also to the same effect Knapp v. State, 203 Ind. 610 at pages 613, 614, 181 N.E. 517. And in De LaTour v. State, 201 Ind. 14 at page 16, 165 N.E. 753, the same court said: "The fifth cause in the motion for a new trial is that the verdict of the jury is contrary to law. Under this specification, the appellant attempts to show that the Habitual Criminal Act (chapter 82, Acts 1907; sections 2339, 2340, Burns' 1926) is unconstitutional. * * * The question as to the unconstitutionality of the act upon which the affidavit was predicated cannot be presented in the way attempted in this cause."

▮ To fail to present the question in the manner prescribed by the Indiana authorities constitutes a waiver of the contention in the state courts. Thus, in State ex rel. Goodman v. Halter, 149 Ind. 292 at page 304, 47 N.E. 665, 49 N.E. 7, 8, the court said: "Some questions are argued in the briefs for a rehearing that were not discussed in the original briefs. It is the settled rule that questions not discussed in the briefs filed before the case is decided are waived, and will not be considered on petition for rehearing. Schafer v. Schafer, 93 Ind. 586; Funk v. Rentchler, 134 Ind. 68, 76, 33 N.E. 364, 898; Jones v. Castor, 96 Ind. 307, 310; Martin v. Martin, 74 Ind. 207, 210; Johnson v. Jones, 79 Ind. 141, 150; Danenhoffer v. State, 79 Ind. 75, 79; Union School Tp. v. First Nat'l Bank, 102 Ind. 464, 477 [2 N.E. 194]."

▮ Thus it is clear that petitioner had an available right to attack the constitutionality of the statute in the trial court. Under the Indiana decisions he could not do so later in the manner in which he attempted to do so; by his action, he waived the right which was available. He cannot in a habeas corpus proceeding in the United States Court invoke something available to him, which he has waived. As he has admittedly failed to exhaust available state remedies, the District Court was without right to entertain his petition upon the merits. Brown v. Allen, supra. As said in Daniels v. Allen, 4 Cir., 192 F.2d 763, 769, "Nothing is said in either of these cases [referring to Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543 and Ex parte Davis, 318 U.S. 412, 63 S.Ct. 679, 87 L.Ed. 868], or elsewhere, to suggest that a state remedy is to be deemed unavailable or inadequate, so as to authorize resort to the federal courts, merely because applicant has failed to comply with the reasonable rules of the state court in applying for the remedy."

What we have said in No. 10818 is directly applicable here also. The judgments in both causes, No. 10818 and No. 10820, are affirmed.