**UNITED STATES of America ex rel. Edward SIEG, Petitioner-Appellant,**

v.

**Joseph E. RAGEN, Warden, Illinois State Penitentiary, Respondent-Appellee.**

**No. 11977.**

United States Court of Appeals
Seventh Circuit.

Sept. 11, 1957.

John J. Loye, Chicago, Ill., for appellant.

Latham Castle, Atty. Gen., Theodore G. Maheras, Asst. Atty. Gen., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

The relator appeals from an order denying a writ of habeas corpus, because of absence of any federal question. Upon issuance of a certificate of probable cause, this appeal followed.

On January 24, 1938 the relator, residing in Chicago, was arrested by state authorities in connection with a number of purse snatchings. He was convicted on one of the charges and received an indeterminate sentence of from one to twenty years. As he was a federal conditional release parolee at that time, the Federal authorities lodged a parole violator's warrant against him. On October 27, 1944, the Illinois State Penitentiary Parole Officer notified the Federal Parole supervisor in Washington that the prisoner had been paroled, but was being held pending instructions with reference to the federal detainer warrant. One week later Sieg was delivered to a deputy United States Marshal who returned him to the federal prison at Chillicothe, Ohio, where he served the remainder of his federal sentence. Upon his release, and, apparently, with the permission of the Illinois authorities, petitioner traveled to Texas, where, in 1945, he was convicted of the crime of robbery and sentenced to 20 years in a penal institution. After completing nine and one-half years of that sentence, he received a conditional pardon and was released to the Illinois representatives in response to an Illinois Parole Violator's warrant which had been filed. Upon his return to Illinois, he was declared a parole violator and August 13, 1960 fixed by the Illinois Parole Board as the date when his case would next be eligible for reconsideration.

■ Within a year after the prisoner had been returned to Illinois, he filed a petition for a writ of habeas corpus in the Circuit Court of Will County, which was dismissed, apparently without a hearing. Although under Illinois law petitioner could not appeal from that decision to the Illinois Supreme Court, he petitioned the United States Supreme Court for a writ of certiorari, which was denied May 28, 1956. Sieg v. Ragen, 351 U.S. 957, 76 S.Ct. 858, 100 L.Ed. 1479.

The relator does not question the legality of his original conviction. Rather, his position, in substance, is that in 1944 he was turned over to the Federal authorities on the basis of an extradition warrant from the governor, and that, as a matter of Illinois law, under the authority of People ex rel. Barrett v. Bartley, 383 Ill. 437, 50 N.E.2d 517, 147 A.L. R. 935, such surrender served as a waiver of jurisdiction over him by Illinois. It is urged, therefore, that his present incarceration, under the terms of the previous sentence, violates his constitutional rights.

■■ The precise question presented is whether, on the face of this petition, a federal question was presented, for in a federal habeas corpus proceeding the scope of inquiry is limited to a determination of whether any federal constitutional rights have been violated. Lyons v. State of Oklahoma, 322 U.S. 596, 64 S.Ct. 1208, 88 L.Ed. 1481; Humes v. Pescor, 8 Cir., 148 F.2d 127. If the answer to this query be in the negative, the district court can only dismiss the petition, for, as we pointed out in Galloway v. Dowd, 7 Cir., 204 F.2d 524, 525: "Any District Court is justified in denying a petition for a writ of habeas corpus, if 'it appears from the application that the applicant or person detained is not entitled thereto', 28 U.S.C. § 2243. Under this statute the court must examine the application and determine whether a hearing on the merits is proper and, if no showing of merits is made, deny the petition."

■ In determining whether a federal question is presented, it must be borne in mind that the mere fact that a state ruling is erroneous as a matter of law does

**640**

not by itself signify any constitutional deprivation. In re Graham, 138 U.S. 461, 11 S.Ct. 363, 34 L.Ed. 1051. As stated in Buchalter v. People of the State of New York, 319 U.S. 427, 431, 63 S.Ct. 1129, 1131, 87 L.Ed. 1492: "the due process clause of the Fourteenth Amendment does not enable us to review errors of state law however material under that law." Further, there is the policy consideration on which we commented in Kelly v. Dowd, 7 Cir., 140 F.2d 81, 82: "The jurisdiction to interfere with the proceedings of state governmental bodies charged with the prosecution and punishment of offenders is an exceedingly delicate one to be exercised with the greatest of care and nicest sense of propriety." See also, United States ex rel. Meiner v. Ragen, 7 Cir., 199 F.2d 798, 800. A parallel problem was considered by this court in United States ex rel. Crist v. Ragen, 7 Cir., 157 F.2d 621, where it was contended that an extradition warrant issued while the prisoner was on parole constituted a waiver of jurisdiction by the State. In that case, we refused to pass on this issue, concluding that no federal question was presented.

■ Assuming arguendo that petitioner's transfer to the Federal authorities was in pursuance of an extradition warrant issued by the Governor of Illinois, we, nevertheless, conclude that the determination of the effect of such conduct does not present a federal question. Rather, it is merely a matter of State law for the state courts to determine. As no federal question was presented, the district court correctly dismissed the petition.

The petition for rehearing is granted. Upon rehearing the opinion heretofore filed is withdrawn and it is ordered that the judgment from which this appeal was taken be and it is hereby affirmed.

We express our appreciation of the efficient services of Mr. John J. Loye of the Chicago Bar as court appointed counsel.

DUFFY, Chief Judge, dissents.