Samuel D. COLLINS, Appellant,

v.

John KLINGER, Appellee.

No. 18657.

United States Court of Appeals
Ninth Circuit.

May 12, 1964.

Russell E. Parsons, Edward I. Gritz, and Harry E. Weiss, Los Angeles, Cal., for appellant.

Stanley Mosk, Atty. Gen. of Cal., Norman H. Sokolow, Deputy Atty. Gen. of Cal., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge.

Samuel D. Collins, in the custody of John Klinger, as Superintendent of the California Institution for Men at Los Padres, California, appeals from a district court judgment denying his application for a writ of habeas corpus.

Collins is in the custody of Klinger pursuant to judgments of the Superior Court of Los Angeles County, entered in two cases. In one of these (No. 103071), judgments and sentences were entered on March 22, 1946 on two counts of abortion and one count of murder in the

second degree. In the other case (No. 216641) a judgment and sentence was entered on November 12, 1959, on eight counts of abortion. On this appeal Collins raises a question concerning the sentence in Case No. 103071, and a question concerning the conviction in Case No. 216641.

With regard to the latter, appellant contends that evidence was obtained as the result of an unlawful search and seizure and received over proper objection, thereby depriving him of due process of law as guaranteed by the Fourteenth Amendment. The search and seizure were unlawful, Collins argues, because made without a search warrant, and although Collins was under arrest at the time the warrant of arrest was three months old. In addition, Collins asserts, the search was unlawful because it was "exploratory."

The eight offenses for which Collins was convicted in Case No. 216641 were committed between August 8 and December 19, 1958. Lieutenant Howard E. Hooper of the Bureau of Investigation of the Los Angeles District Attorney's office went to Collins' two-story home on May 29, 1959. He had in his possession a warrant for Collins' arrest. We find nothing in the record to indicate when the warrant had been issued, but will accept appellant's statement that it had been issued three months previously. Hooper did not have a search warrant.

The warrant of arrest was shown to Collins and he was placed under arrest. Hooper asked Collins to accompany him while the premises were searched. Collins declined and told Hooper not to conduct a search. Collins was then retained in the custody of another officer in a downstairs room while Hooper searched the house.

Hooper took several photographs of the interior of the home. In a steel cabinet in an upstairs room Hooper found a number of surgical instruments and a bag containing one thousand unsterilized cotton balls.

■■ The Fourth and Fifth Amendments which, considered together, forbid the Federal Government to convict a man on evidence obtained by an unreasonable search and seizure are enforceable against the states through the Fourteenth Amendment. Mapp v. Ohio, 367 U.S. 643, 646–647, 657, 81 S.Ct. 1684, 6 L.Ed. 2d 1081. The standard of reasonableness is the same under the Fourth and Fourteenth Amendments. Ker v. California, 374 U.S. 23, 33, 83 S.Ct. 1623, 10 L.Ed.2d 726.

■ The search of Collins' home having been made without a search warrant, it can survive the constitutional inhibition against unreasonable searches and seizures only if conducted under circumstances giving rise to one of the exceptions to the rule that a search must rest upon a search warrant. Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856. One of the recognized exceptions to the rule is where the search is made incident to a lawful arrest. Ker v. California, 374 U.S. at 41, 83 S.Ct. 1623, 10 L.Ed.2d 726. Appellant does not contend that his arrest was invalid because made pursuant to a warrant of arrest issued three months previously. Therefore the fact that the warrant had been issued this far in advance of the arrest and search is without significance on the question of whether the search was valid.

■ But a search can be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest. Stoner v. California, supra. The first of these essentials was present here because the search of Collins' home was made immediately after his arrest and while he was held in custody therein. Appellant asserts, however, that the search was "exploratory," perhaps meaning that it was not confined to the immediate vicinity of the arrest.

As before indicated, Hooper searched Collins' entire home, and found the items which were seized in an upstairs room

while Collins was in custody downstairs. This search was well within the limits upheld in Harris v. United States, 331 U.S. 145, 149–153, 67 S.Ct. 1098, 91 L. Ed. 1399, where, following the arrest, a careful and thorough search, requiring about five hours, was made of each room of the defendant's apartment. See also, Ker v. California, supra, 374 U.S. at 42, 83 S.Ct. 1623, 10 L.Ed.2d 726. Here, as in Harris, there is nothing in the record to indicate that law-enforcement officers entered Collins' home "ostensibly for the purpose of making an arrest but in reality for the purpose of conducting a general exploratory search for merely evidentiary materials tending to connect the accused with some crime." Harris v. United States, 331 U.S. at 153, 67 S.Ct. at 1102, 91 L.Ed. 1399. Nor is there any contention that the objects sought for and those actually discovered were not properly subject to seizure.

■ We therefore hold that the district court did not err in finding and concluding that the introduction into evidence at the state criminal trial of articles seized during Hooper's search of Collins' home did not contravene the latter's rights under the Fourteenth Amendment.

As before indicated, the other question presented on this appeal pertains to state Case No. 103071 in which Collins was convicted on two counts of abortion and one count of second degree murder. Appellant argues that an order of the Adult Authority of California, refixing his sentence on the murder conviction from ten years to the maximum of life imprisonment, was beyond the statutory power of the Authority because without notice, without just cause, and without hearing, and contrary to the California and United States Constitutions, because without notice and hearing.

On March 1, 1946, Collins was sentenced in Case No. 103071 to imprisonment "for the term prescribed by law" on two counts of abortion and one count of murder in the second degree, consecutively as to each count. The maximum term of imprisonment for abortion in California is five years, and the maximum term for murder in the second degree is life imprisonment. See California Penal Code, §§ 274 and 190, respectively. On February 5, 1952, his terms were fixed by the Authority at ten years on the murder count and five years on each of the abortion counts, all consecutively.[1]

On December 23, 1955, Collins was paroled into the custody of the United States Marshal, San Francisco, to serve a term of imprisonment imposed under a federal conviction for income tax evasion. Collins was granted a conditional release by federal authorities on February 15, 1958 (still being on state parole) and was discharged by federal authorities on June 25, 1958. His state parole would have expired on December 23, 1959. On October 14, 1959, however, Collins was convicted on eight counts of abortion in state Case No. 216641 referred to above.

On October 30, 1959, the Adult Authority, acting on the basis of a report from its Division of Adult Paroles charging Collins with four parole violations including his conviction in Case No. 216641, suspended Collins' parole and ordered that he be returned to state prison. At the same time the Adult Authority refixed Collins' term of imprisonment at the maximum of life. The latter action was based entirely upon the decision to suspend Collins' parole; Resolution 171 of the Adult Authority, adopted March

1. The delay in the action of the Authority was probably occasioned, at least in part, by the fact that Collins appealed his convictions in Case No. 103071. The judgments were affirmed by the California District Court of Appeal. People v. Collins, 80 Cal.App.2d 526, 182 P.2d 585.

The California Supreme Court declined to grant a hearing. Certiorari was denied by the Supreme Court. Collins v. Duffy, 335 U.S. 831, 69 S.Ct. 16, 93 L.Ed. 384; 337 U.S. 961, 69 S.Ct. 1524, 93 L.Ed. 1759.

6, 1951, provided that "when paroles are cancelled, suspended, and/or revoked, the previous action fixing term will be rescinded * * * and the prisoner shall be considered as serving the maximum term * * * subject to further order of the Adult Authority. * * * "

█ Collins was not given notice or accorded a hearing prior to the action taken by the Adult Authority on October 30, 1959. However, we need not decide whether the Adult Authority could, consistently with federal due process, refix and enlarge Collins' sentence without notice and hearing, for the record discloses that in the present case Collins was accorded both notice and hearing upon the charges which resulted in the refixing of his sentence.

On April 7, 1960, the Adult Authority held a hearing on the charges of parole violation which were the basis for the prior suspension of Collins' parole and the refixing of his sentence. Collins pleaded guilty to two of the four charges, including his conviction in Case No. 216641. He was found guilty of one of the two remaining charges. The other was dismissed. Following this hearing, Collins' parole, previously suspended, was revoked.

Thus the ex parte order of October 30, 1959, suspending Collins' parole and refixing his term was tentative only. Collins was afforded notice of the charges upon which that order was based and an opportunity to refute them at the hearing of April 7, 1960. Collins has not contended that the latter notice and hearing were in any way inadequate or unfair.

█ We do not consider Collins' contention that the order entered by the Adult Authority on October 30, 1959, exceeded the Authority's statutory power and violated the California Constitution. Since these are not federal questions, they may not be considered in a federal habeas corpus proceeding. See Odell v. Burke, 7 Cir., 281 F.2d 782, 785, United States ex rel. Sieg v. Ragen, 7 Cir., 247 F.2d 638, 640.

Affirmed.