**Samuel D. COLLINS, Appellant,**

v.

**John H. KLINGER, Warden, etc.,**
**Appellee (two cases).**

**Nos. 20017, 20018.**

United States Court of Appeals
Ninth Circuit.

Dec. 2, 1965.

Samuel D. Collins, in pro. per.

Thomas C. Lynch, Atty. Gen. of California, Wm. E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

In each of the two above numbered appeals from the denial of two several petitions for writs of habeas corpus in the United States District Court, Southern District of California, Central Division, appellant, a state prisoner, joins a petition to this court for such a writ. This is not appellant's first appeal to us. See Collins v. Klinger, 332 F.2d 54 (9 Cir., 1964).

We quote from his petition in the lower numbered case, No. 20,017:

"On August 23, 1947, SAMUEL D. COLLINS, was delivered to and received at the State Prison at San Quentin to begin service of the term prescribed by law for the alleged offenses of which he was convicted in the Superior Court at Los Angeles County in the cases which are numbered as 103071 and 105700. He was convicted in the first case of two counts of abortion and one count of murder, 2d degree, and in the latter case, of one count of abortion to run concurrently with the three counts in the first case. No 105700 is not a part of this case.

There is also a new case in addition to those above listed which is numbered as #216641 and was incurred on or about October 15, 1959, by reason of which his parole was suspended and revoked and his original term which had been fixed at 20 years and was due to expire on December 23, 1959, was then increased and re-fixed at 'Life'.

This new case is not included in and is not a part of this matter."

It appears, therefore, that appellant is serving time under at least three state sentences only one of which he challenges in No. 20,017. A determination in favor of appellant on his present complaint could not affect his release on others. He has not shown he has completed his imprisonment under his other sentences. Habeas corpus can be used only to accomplish a release from an unlawful detention. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Holland v. Gladden, 338 F.2d 52 (9th Cir. 1964).

The position of appellant as a prisoner not entitled to release because of other valid existing sentences is the same in case No. 20,018.

His sentence in 1947 was based on Los Angeles County case No. 103071 in three counts, with a prior conviction of abortion. His sentence, fixed on February 5, 1952, was ten years on the murder count and five years on each abortion count, to run consecutively, a total of twenty years. 332 F.2d 54, 57 (1964) (He incorrectly alleges all three sentences were concurrent, and that the second degree murder charge was fixed at twenty years.) He was released on parole in 1955, and was convicted a third time in 1959 in Los Angeles County No. 216641. His parole on his original second degree murder charge was revoked, and that term was increased and refixed at "life." His third conviction was affirmed on appeal. People v. Collins, 186 Cal.App.2d 329, 9 Cal.Rptr. 33. His sentence was five years on each of eight counts, to be served concurrently with each other and *consecutively* to the 1947 conviction.

We do not reach, as did the district court in each case, the merits of appellant's contentions (which were found to be without merit in that court), as they are prematurely presented to this court.

The order of the district court denying appellant's request for habeas corpus in each action is affirmed.

The petition for a writ of habeas corpus from this court in each action is denied.