Amos Marshall ARKETA, Appellant,

v.

Lawrence E. WILSON, Appellee.

No. 21098.

United States Court of Appeals
Ninth Circuit.

Feb. 20, 1967.

Rehearing Denied March 16, 1967.

Amos Marshall Arketa, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Robert R. Granucci, Karl S. Mayer, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, BARNES and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Habeas corpus; appeal from denial of the writ without a hearing. In 1964 Arketa was convicted in California Superior Court on two counts charging burglary in the second degree. (Cal.Pen. Code §§ 459, 460, subd. 2.) He was given concurrent sentences for the term prescribed by law, 2 to 15 years, Cal.Pen. Code §§ 461, 3024(c). He was charged with and found to have suffered two prior California burglary convictions, one in 1957 and one in 1961. He is serving, concurrently, both the 1961 and the 1964 sentences. The two prior sentences affected his 1964 conviction, but not by increasing the term of imprisonment that could be imposed. He was not found to be an habitual criminal under Cal.Pen. Code § 644. The only effect of the priors was to make him ineligible for probation. (Cal.Pen.Code § 1203.)

In this proceeding, Arketa does not attack the 1964 conviction. He asserts that the 1961 conviction is void because evidence obtained in an unconstitutional search was used against him.

He also says that he therefore should have been, and, if the 1961 sentence be set aside, will be, eligible for probation under section 1203, Cal.Pen.Code.[1] It does not follow that he would get probation. Under Cal.Pen.Code § 1203, the court has discretion to grant or deny probation to one who is eligible.[2] If Arketa had been eligible, the court would have been required to refer the matter to the probation officer for a report and recommendation, and to decide whether or not to grant probation. If probation were denied, the court could only have imposed the sentence that it did impose (Cal.Pen.Code §§ 1168, 3020–3025).

The question before us is whether the fact that, if the 1961 conviction were void, Arketa would have been eligible for, but would not necessarily have received, probation under his 1964 conviction, is a ground for his seeking federal habeas corpus, when the validity of the 1964 conviction is not attacked. We are not asked to order Arketa released from custody under the 1964 sentence. We are asked to direct the district judge to determine the validity of the 1961 sentence and, if it be found invalid, to order Arketa released unless the state court gives him an opportunity to be resentenced, at which sentencing he will be eligible for probation. Even if Arketa were granted probation, he would remain in custody. See Jones v. Cunningham, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285. *Jones* dealt with a convict on parole. In California, a convict who is on probation is as much in

custody as one who is on parole; he remains subject to the control of the probation officer and the court.

The district judge did not reach the merits; he held against Arketa, citing McNally v. Hill, 1934, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 and Wilson v. Gray, 9 Cir., 1965, 345 F.2d 282, on the ground that Arketa could not attack the 1961 sentence in this proceeding. *McNally* seems closely in point. There, the petitioner had been convicted and sentenced on three counts. Sentences were 2 years on the first count and 4 years on each of the second and third counts, sentence on the second concurrent with that on the first, and sentence on the third consecutive to that on the second. The petitioner had served the sentence on the first, was then serving the sentence on the second, but had not begun to serve the sentence on the third. He attacked only the conviction on the third count. A unanimous Court, in an opinion by Mr. Chief Justice Stone, held that the purpose of habeas corpus was "to inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner * * *" (p. 136, 55 S.Ct. p. 26) and that, "even when [a conviction is] void, its operation may be stayed by habeas corpus only through the exercise of the authority of the court to remove the prisoner from custody." (p. 139, 55 S.Ct. p. 27) Because McNally was lawfully detained under the second count, denial of habeas corpus was affirmed. We have repeatedly followed the *McNally* rule.[3]

---

1. We note that Cal.Pen.Code § 1203 also provides: "In unusual cases, otherwise subject to the preceding paragraph, in which the interests of justice would best be served thereby, the judge may, with the concurrence of the district attorney, grant probation." It thus appears that Arketa was not completely barred from probation. The respondent, however, makes no point of this presumably because there is no suggestion that the district attorney would have concurred.

2. In re Osslo, 1958, 51 Cal.2d 371, 377, 334 P.2d 1, 5; In re Larsen, 1955, 44 Cal.2d 642, 645, 283 P.2d 1043, 1044. This is a discretion with which we do not interfere. In re Costello, 9 Cir., 1958, 262 F.2d 214, 215.

3. King v. State of California, 9 Cir., 1966, 356 F.2d 950; Collins v. Klinger, 9 Cir., 1965, 353 F.2d 731; Wells v. People of State of California, 9 Cir., 1965, 352 F. 2d 439; Holland v. Gladden, 9 Cir. 1964, 338 F.2d 52; Lee v. Swope, 9 Cir., 1955, 225 F.2d 674.

The portion of the opinion in *McNally* that is here most significant reads:

"The petitioner asks here only a ruling which will establish his eligibility for parole, because of the invalidity of the sentence on the third count. The ruling sought is such as might be obtained in a proceeding brought to mandamus the parole board to entertain his petition for parole, if the sentence on the third count were void for want of jurisdiction of the court to pronounce it. This use of *habeas corpus* is unauthorized by the statutes of the United States * * *." (293 U.S. at 140, 55 S.Ct. at 28.)

In substance, the present case is similar. In *McNally* the petitioner sought a ruling that would make him eligible for parole. Here, Arketa seeks a ruling that would make him eligible for probation. We can see little substantive difference between the two. We do note, however, that the court in *McNally* felt that the petitioner would, or might have another remedy. McNally was a federal prisoner. Arketa is a state prisoner. He would not have another remedy in a federal court whereby he could vindicate his claim that he should not be disadvantaged in state proceedings under his 1964 conviction by reason of a 1961 conviction which, he says, is void because it was obtained by means that violated his federal constitutional rights.[4]

■ Since 1934 the strict rule of *McNally* has been somewhat eroded. In Ex parte Hull, 1941, 312 U.S. 546, 61

S.Ct. 640, 85 L.Ed. 1034, the court denied a writ of habeas corpus on the merits. But it also indicated that, where a prisoner has had his parole under an earlier conviction revoked solely because of a later conviction, which he attacks, the writ will lie. The rationale seems to be that he would still be at large, (although still in "custody" on parole, Jones v. Cunningham, supra), but for the second, void, conviction. Hence, the writ would free him from prison custody, as distinguished from releasing him from all custody. We have so held.[5] This means that his parole status would be restored if the second conviction were found to be invalid. But his parole could still be revoked for other reasons.[6] From these decisions, it appears that there are situations in which the writ can be used to free a petitioner from a certain type of custody, rather than from all custody.

Several cases have arisen under habitual criminal statutes which compel the court to impose a longer term than it could impose upon a first offender. In these cases, federal courts have permitted the use of the writ to attack an earlier conviction, even though the subsequent conviction, as distinguished from the more severe sentence imposed under it because of the earlier conviction, is not attacked. In such cases the prisoner, if his attack is successful, is not unconditionally released, but is to be resentenced under the subsequent conviction.[7] These cases are certainly an-

---

4. It appears that California does provide a remedy in such a case. In re Hernandez, 1966, 64 Cal.2d 850, 852, 51 Cal.Rptr. 915, 916, 415 P.2d 803, 804; In re Bartges, 1955, 44 Cal.2d 241, 247, 282 P.2d 47, 50; People v. Morton, 1953, 41 Cal.2d 536, 545, 261 P.2d 523, 528. However, it also appears that Arketa has exhausted that remedy.

5. Wilson v. Gray, 9 Cir., 1965, 345 F.2d 282, 284; Boseant v. Fitzharris, 9 Cir., 1966, 370 F.2d 105, (No. 20,717, decided December 16, 1966); Smith v. Wilson, 9 Cir., 1967, 371 F.2d 681.

6. Cf. Wilson v. Gray, supra, n. 5.

7. United States ex rel. Smith v. Jackson, 2 Cir., 1956, 234 F.2d 742, 743, 746, 749; United States ex rel. Savini v. Jackson, 2 Cir., 1957, 250 F.2d 349, 354–55; United States ex rel. Easterling v. Wilkins, 2 Cir., 1962, 303 F.2d 883, 884; United States ex rel. Durocher v. La Vallee, 2 Cir., 1964, 330 F.2d 303, 306. We note that, in United States ex rel. Smith v. Martin, 2 Cir., 1956, 239 F.2d 530, 531, the Second Circuit limited the availability of the writ to cases in which the prisoner has served, under the second conviction, the minimum sentence that he would have

other breach in the *McNally* dike. In them, the writ is allowed because, but for the prior conviction, the petitioner would have received a lesser prison sentence under the second conviction.

■■ From that situation to the one before us is but a short step. The contention here is not that, if petitioner had been given a prison sentence unaffected by the allegedly invalid prior conviction, the term would be shorter. It would not. The contention is that but for the invalid prior the prisoner might not have been sentenced to prison at all. The Fourth Circuit has taken a similar step in Martin v. Commonwealth of Virginia, 1965, 349 F.2d 781, in relation to a prisoner who claimed that, but for the invalid prior conviction, he would be eligible for parole under the later conviction. The court felt that, today, the Supreme Court would not follow the rigid rule of *McNally*. We need not here go so far. Parole is an act of grace that may be accorded to a prisoner *after* he has been validly sentenced to prison. Probation, on the other hand, if available at all, is available at the time of sentencing, and is often a means whereby a prison term can be entirely avoided. We think that we should hold that, where the effect of a prior sentence is to deprive the trial judge of the option that he would otherwise have to grant probation, a prisoner should be able, in federal habeas corpus, to attack the validity of the prior conviction on federal constitutional grounds. We need not consider petitioner's additional arguments based upon theories of equal protection.

Reversed and remanded for further proceedings consistent with this opinion.

served if the first conviction, which was attacked, had not been considered in sentencing. Subsequent cases seem to pay no attention to this limitation. Cf. United States ex rel. Foreman v. Fay, S.D.N.Y., 1960, 184 F.Supp. 535, 538–39. *Easterling* and *Durocher* were distinguished by

us in Wells v. People of State of California, supra, n. 3, on the ground that a determination that the prior conviction there attacked was invalid would in no way affect the validity of the sentence being served under the second conviction.