Lawrence R. BRAUN, Appellant,

v.

B. J. RHAY, Superintendent, Washington State Penitentiary, Walla Walla, Washington, Appellee.

No. 23277.

United States Court of Appeals Ninth Circuit.

Sept. 15, 1969.

**1056**

Jerry D. Whatley, Santa Barbara, Cal., for appellant.

John J. O'Connell, Atty. Gen., Olympia, Wash., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and BYRNE, District Judge.*

HAMLEY, Circuit Judge:

Lawrence R. Braun, in Washington State penal custody, appeals from a district court order denying his application for a writ of habeas corpus. He is presently serving concurrent sentences of ten years for taking a motor vehicle without the permission of the owner, and fifteen years for burglary in the second degree, having been convicted of both charges on May 9, 1955.

On July 4, 1964, Braun escaped from Washington's Eastern State Hospital where he had been incarcerated as a criminally insane person. During the period of his escape and while in the

---

* The Honorable William M. Byrne, Senior United States District Judge for the Cen-    tral District of California, sitting by designation.

State of California, he was tried and convicted of forgery by a California State Court. He was sentenced to serve six months to fourteen years, the sentence to be served concurrently with any unexpired terms.

While he was in a California correctional institution serving this sentence, California authorities, pursuant to an order entered by a California State Court, offered to surrender him to Washington authorities so that he might serve his California and Washington sentences concurrently. The Washington authorities declined the offer and lodged a detainer against Braun with California prison officials. After being paroled on the California forgery conviction, Braun was returned to the State of Washington on February 3, 1968, two and a half years after California had offered to surrender him to Washington.

Following his return to Washington, Braun was adjudged sane, released from the hospital for the criminally insane, and is now serving his Washington State sentences for taking a motor vehicle and second degree burglary in Washington State Penitentiary, Walla Walla, Washington.

Braun argues that the State of Washington lost jurisdiction over him by not taking him into its custody when California authorities offered to release him to Washington. In the alternative, he argues that the State of Washington should be directed to credit the time Braun served in California confinement to his time owing in Washington.

■ In our opinion, there is no due process requirement that a state accept the tendered surrender of a prisoner of another state or otherwise lose the right to reassert jurisdiction over him when he has completed his sentence in the other state. Nor is there any due process requirement that one state credit to the remaining time of a sentence, the time served by an escapee while incarcerated in another state for a crime committed during the escape period.

■ Braun also seeks to invoke the Full Faith and Credit Clause (Art. IV, Sec. 1 of the United States Constitution), but we do not believe that constitutional provision is applicable. The California State Court order authorizing California authorities to release Braun to Washington authorities did not purport to bind Washington and, in any event, it would have been ineffectual for that purpose.

■ We hold that Braun is not entitled to habeas relief on the basis of the California offer to surrender him to Washington authorities.

When Braun was convicted in Washington on the motor vehicle and second degree burglary charges, he was originally sentenced to a maximum term of not more than twenty years on the motor vehicle charge, and not more than fifteen years on the burglary charge, the two sentences to run concurrently. In a subsequent habeas corpus proceeding the Supreme Court of Washington held that the maximum permissible sentence on the motor vehicle charge is ten years, and the court directed that Braun be returned to the trial court for imposition of a corrected sentence. Braun v. Belnap, 51 Wash.2d 892, 316 P.2d 472.

At his original sentencing on May 10, 1955, Braun was represented by counsel. But, in 1958, when, following the State Supreme Court decision referred to above, he was returned to the trial court for resentencing on the motor vehicle charge, he did not have counsel present. Braun's express request to the trial court that a short continuance be granted so that he might obtain counsel was denied.

■ Braun argues that he was thereby deprived of due process of law at the 1958 resentencing. He cites Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, involving Washington State sentencing procedure. It was there held that a person convicted of a felony in the State of Washington is entitled to the assistance of an attorney at his sentencing. The *Mempa* rule is to be ap-

plied retroactively. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2.

The warden argues that *Mempa* is not applicable to a resentencing procedure such as we have here. He contends that the only jurisdiction possessed by the trial court on resentencing was to enter the correct sentence as provided by law and the direction of the Washington Supreme Court. Accordingly, the warden asserts, there is nothing counsel could have done for Braun at the resentencing.

The trial court's authority at the resentencing was precisely what it was at the original sentencing, namely, to sentence Braun to the maximum term provided by law for the offense of which he was convicted.[1] While Braun had been represented by counsel at the original sentencing, that sentence had been set aside and, under the posture of the case at the resentencing, it was just as if Braun was appearing for initial sentencing on the motor vehicle charge.

In *Mempa*, as in this case, it was argued that counsel would be of no use to the defendant at the sentencing because the trial court had no choice but to impose the maximum sentence required by law. But the Supreme Court answered, in part:

"On the other hand, the sentencing judge is required by statute, together with the prosecutor, to furnish the Board with a recommendation as to the length of time that the person should serve, in addition to supplying it with various information about the circumstances of the crime and the character of the individual. Wash. Rev.Code § 9.95.030. We were informed during oral argument that the Board places considerable weight on these recommendations, although it is in no way bound by them. Obviously to the extent such recommendations are influential in determining the resulting sentence, the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent." (389 U.S. at 135, 88 S.Ct. at 257.)[2]

■ We hold that, under the Sixth Amendment, applied to the states through the Due Process Clause of the Fourteenth Amendment, and as construed and applied in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, and McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2, Braun was entitled to counsel at his resentencing on the motor vehicle charge. The resentencing on the motor vehicle charge was therefore invalid.

Braun argues that he is entitled to habeas relief with respect to both the motor vehicle and second degree burglary sentences of 1955, because, at the time of sentencing, he was not considered eligible for probation because of the prior

---

1. In Washington, the actual determination of the length of time to be served is to be made by the Board of Prison Terms and Paroles. See Mempa v. Rhay, 389 U.S. at 135, 88 S.Ct. 254.

2. At the time of Braun's original sentencing in 1955, he was not eligible for probation because of his 1953 Colorado convictions for car theft and burglary, assuming that the latter convictions were valid under the federal Constitution. Wash.Rev. Code § 9.92.060; State v. Cullen, 14 Wash.2d 105, 127 P.2d 257. In 1957, however, this statute was amended by deleting the requirement that, in order to be eligible for probation, the convicted person must "never before [have been] convicted of a felony or gross misdemeanor."

Despite this change in the statute, probation on the motor vehicle charge was probably not available to Braun at the resentencing because of the unfulfilled sentence for second degree burglary. However, if Braun's 1955 sentence on the Washington second degree burglary conviction is invalid on constitutional grounds (to be discussed below), and resentencing on that conviction is also necessary, Braun will, under present state law, be *eligible* for probation on both the motor vehicle and second degree burglary convictions at the time of resentencing. This is not to say that he would then be *entitled* to probation, since that is a matter to be decided by the state sentencing court in the exercise of its discretion.

Colorado convictions, which convictions, Braun asserts, are constitutionally insupportable.[3]

Braun argues that the 1953 Colorado convictions deprived him of due process of law because he was not represented by counsel in the Colorado proceedings.

In rejecting this argument, the district court did not inquire into the circumstances of the Colorado convictions. Instead, the court rejected the argument because

"[t]he files and records containing the instant petition do not contain any reference to the state of mind of the sentencing judge, or what prompted the sentencing. judge to deny probation to petitioner."

Braun's argument based upon his Colorado convictions presents almost the precise question which was before this court in a habeas corpus proceeding involving a California State prisoner. See Arketa v. Wilson, 9 Cir., 373 F.2d 582. This court held in *Arketa*:

"We think that we should hold that, where the effect of a prior sentence is to deprive the trial judge of the option that he would otherwise have to grant probation, a prisoner should be able, in federal habeas corpus, to attack the validity of the prior conviction on federal constitutional grounds." (373 F.2d at 585)

 The warden makes no effort to distinguish *Arketa* from the case now before us. He argues, however, that the 1953 Colorado convictions were valid and subsisting when Braun was sentenced in Washington in 1955 since Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, establishing the due process right to· counsel at state criminal trials, was not decided until 1963.

Gideon v. Wainwright is to be applied retroactively. See McConnell v. Rhay, 393 U.S. 2, 3, 89 S.Ct. 32, 21 L.Ed.2d 2. Accordingly, Braun's 1953 Colorado con-

victions are today subject to attack in Colorado on Gideon v. Wainwright grounds. It follows that, under *Arketa*, Braun is entitled to challenge those convictions in this federal habeas proceeding notwithstanding the fact that the Colorado convictions were accepted as valid in 1955 under the then existing law. See also, Burgett v. Texas, 389 U. S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

The order is reversed and the cause is remanded for further proceedings consistent with this opinion.

3. On July 27, 1953, Braun was sentenced in the District Court for Jefferson County, Colorado, to an indeterminate term in a reformatory for car theft and burglary. Braun was then sixteen years old.