Wade W. WALLACE, Petitioner,

v.

The STATE of Oklahoma et al., Respondents.

No. H–80–244.

Court of Criminal Appeals of Oklahoma.

June 4, 1980.

## ORDER DECLINING TO ASSUME JURISDICTION AND DISMISSING PETITION

Petitioner seeks a writ of mandamus from this Court ordering that Oklahoma authorities accept custody of Petitioner for service of a sentence of ten (10) years' imprisonment in Lincoln County District Court Case No. CRF–76–3, or designate California, where Petitioner is presently confined in state prison, as place of service for the Lincoln County sentence. After his Lincoln County conviction and while at liberty on appeal bond, Petitioner was convicted in California of Murder in the First Degree and Escape, and was sentenced to life and six (6) months to five (5) years imprisonment, respectively. The California court ordered that the sentences be served concurrently to any others then outstanding, and on the 27th day of July, 1978, California authorities inquired of the Lincoln County District Attorney whether Oklahoma wanted to accept custody of Petitioner for service of the California sentence concurrent to the Lincoln County sentence, or designate California as place of service of the Oklahoma sentence, or take custody of Petitioner only at such time as he was paroled or discharged from his California confinement. The District Attorney's office responded on the 2nd day of August, 1978, that Oklahoma would take custody only after his California discharge—this state would not accept custody prior to that time, nor designate California as place of service.

We are of the opinion that the petition must be denied. *Chalifoux v. Commissioner of Correction*, —— Mass. ——, 377 N.E.2d 923 (1978), cited by Petitioner, actually refutes his contentions. That case stands for the proposition that relief such as that requested by Petitioner may be granted to avoid manifest unfairness. In that case, the Commonwealth of Massachusetts was found to have misled the prisoner to believe that he would be credited with time served in California toward satisfaction of his Massachusetts sentence, which credit was ultimately refused. No such circumstance appears here: the District Attorney's response was prompt and unmistakable, especially when viewed against the specific questions propounded in the California inquiry. No unfairness appears. Oklahoma was not a party to the California sentencing decision. There is no due process requirement that Oklahoma accept Petitioner or lose jurisdiction, nor that it credit time served in California to the Oklahoma sentence. See *Braun v. Rhay*, 416 F.2d 1055 (9th Cir. 1969).

*Lebosky v. Saxbe*, 508 F.2d 1047 (5th Cir. 1975), cited by Petitioner, is not persuasive in this case, given its unique procedural context.

We are further of the opinion that 22 O.S.1971 § 980 and 21 O.S.1971 § 533 cited by Petitioner as placing a duty on Oklahoma authorities to assume custody, are wholly inapposite: the sections are directed at the county sheriffs and cannot be construed as limiting the State of Oklahoma as a sovereign.

Therefore, being fully advised in the premises, this Court declines to assume original jurisdiction and the petition for writ of mandamus or habeas corpus is DISMISSED.

Witness our hands, and the Seal of this Court, this 4th day of June, 1980.

TOM R. CORNISH, P. J.

TOM BRETT, J.

HEZ J. BUSSEY, J.