**Randy Allen MYERS, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent.**

No. 85–6264.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 19, 1986.

Decided March 26, 1987.

Randy Allen Myers, pro se.

Robert L. Brosio, Bonnie S. Klapper, Los Angeles, Cal., for respondent.

Before FARRIS, BEEZER and BRUNETTI, Circuit Judges.

FARRIS, Circuit Judge:

The panel unanimously agrees that this case may be submitted without oral argument.

Pro se petitioner Randy Allen Myers appeals from the district court's decision to dismiss his petition for a writ of habeas corpus. The district court ruled that Myers was not "in custody" as required by 28 U.S.C. § 2241(c), and thus that the court lacked jurisdiction to consider the petition. Without agreeing or disagreeing with the district court's ruling that Myers was not "in custody" for the purposes of habeas jurisdiction, we affirm the district court's decision on the alternative ground that the court lacked jurisdiction to review Myers' habeas claims against the Parole Commission.

## BACKGROUND

On May 24, 1977, Myers was convicted of second degree murder, pursuant to 18 U.S.C. §§ 1111 and 1112. He was sentenced under the Youth Corrections Act, formerly 18 U.S.C. §§ 5005–5026 (repealed Oct. 12, 1984). He served a four-year prison term, and was released on mandatory parole on July 16, 1981.

On July 1, 1983, the Parole Commission denied Myers' request for early termination of parole. Had the Parole Commission granted the request, Myers' second degree murder conviction would have been expunged from his record pursuant to section 5021 of the Youth Corrections Act, 18 U.S.C. § 5021 (repealed Oct. 12, 1984). The Parole Commission granted Myers an unconditional discharge from parole on July 16, 1983.

On August 23, 1984, the Los Angeles Superior Court convicted Myers of rape, in violation of Cal. Penal Code §§ 261(2) and 264.1. The court sentenced Myers to fourteen years in prison, nine years for the rape conviction and a five year enhancement under Cal. Penal Code § 667(a) because of Myers' prior felony conviction. Myers is now incarcerated pursuant to that sentence.

On May 22, 1985, Myers filed the habeas corpus petition that is the subject of this appeal. In the petition, Myers alleges that the Parole Commission deprived him of his constitutional rights under the due process clause of the Fifth Amendment when it denied his request for early termination of parole. Myers does not challenge the 1984 rape conviction.

The district court, adopting the findings and recommendations of a federal magistrate, ruled on August 20, 1985 that it lacked jurisdiction to consider Myers' petition because he was not "in custody" in connection with the second degree murder conviction when he filed the habeas petition. Myers filed a timely notice of appeal. We note jurisdiction under 28 U.S.C. § 2253.

## DISCUSSION

Myers' habeas petition was filed under 28 U.S.C. §§ 2241 and 2254. Section 2241(c) provides, in pertinent part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless (1) he is *in custody* under or by color of the authority of the United States ... [or] (3) he is *in custody* in violation of the Constitution or laws or treaties of the United States...." 28 U.S.C. § 2241(c) (emphasis added). As the emphasized language indicates, the habeas petitioner "must be 'in custody' when the application for habeas corpus is filed." *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). *See Tyars v. Finner*, 709 F.2d 1274, 1279 (9th Cir.1983).

Myers contends that the district court erred when it ruled that he was not "in custody" for the purposes of section 2241(c) at the time he filed his habeas petition. Myers' argument focuses on the collateral consequences of the Parole Commission's denial of his request for early termination of parole. If the Parole Commission had granted him early termination of parole, his second degree murder conviction would have been expunged from his record pursuant to section 5021 of the Youth Corrections Act, 18 U.S.C. § 5021 (repealed Oct. 12, 1984), and his sentence for the subsequent rape conviction would not have been enhanced.

The Supreme Court has defined "collateral consequences" in the habeas context as the disabilities or burdens flowing from

a petitioner's prior conviction that give the petitioner " 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' " *Carafas,* 391 U.S. at 237, 88 S.Ct. at 1559 (quoting *Fiswick v. United States,* 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196 (1946)). In *Carafas,* the Court held that a petitioner who was in custody at the time he filed his habeas petition, but who had been released from custody by the time his petition came before the Court, could still satisfy the "in custody" requirement because he continued to be affected by the collateral consequences of the conviction he sought to challenge. *Id.* at 239, 88 S.Ct. at 1560.

Consistent with *Carafas,* we have stated that "if [a] petitioner is in custody when his petition is filed, his subsequent release from custody does not [by] itself deprive the federal habeas court of its statutory jurisdiction." *Tyars,* 709 F.2d at 1279. We have also held that the collateral consequences of a conviction may in some cases be sufficient to satisfy the "in custody" requirement even though the habeas petitioner is not in custody for the conviction he seeks to challenge when he files the habeas petition. *See Braun v. Rhay,* 416 F.2d 1055, 1059 (9th Cir.1969); *Arketa .v. Wilson,* 373 F.2d 582, 585 (9th Cir.1967).

Myers' situation is unique. Unlike the petitioner in *Carafas,* Myers was no longer in custody for the conviction underlying his habeas challenge when he filed his petition. And unlike the petitioners in *Braun* and *Arketa,* he does not challenge the prior conviction itself, but instead seeks to attack the Parole Commission's decision to deny his request for early termination of parole. Under these unusual circumstances, whether the district court erred in ruling that Myers failed to meet the "in custody" requirement is a question of first impression.

We need not resolve that question here. We affirm the district court's decision on the alternative ground that the court lacked jurisdiction to review Myers' habeas claims against the Parole Commission. *See Solano v. Beilby,* 761 F.2d 1369, 1370 (9th Cir.1985) (court of appeals may raise juris-dictional issues *sua sponte* ); *City of Las Vegas v. Clark County,* 755 F.2d 697, 701 (9th Cir.1984) (court of appeals may affirm on any ground fairly supported by the record).

■ Federal courts lack jurisdiction to entertain claims that the Parole Commission has abused its discretion in making decisions that involve "the exercise of judgment among a range of possible choices or options." *Wallace v. Christensen,* 802 F.2d 1539, 1552 (9th Cir.1986). Congress has specifically withdrawn discretionary parole decisions from the ambit of our review. *Id.* at 1551. We may review claims leveled against the Parole Commission in only two limited situations. First, we may consider whether the Parole Commission has acted outside the statutory limits set for it by Congress. *Id.* Second, we may consider whether the Parole Commission has violated the Constitution. *Id.* at 1552.

Myers does not allege that the Parole Commission exceeded its statutory authority. He does claim, however, that the Parole Commission violated his constitutional rights under the due process clause of the Fifth Amendment. We thus consider whether Myers' claims are reviewable constitutional claims under the limited exception defined in *Wallace.* Myers specifically claims that:

1) the Parole Commission deprived him of due process by failing to consider whether he was eligible for early termination of parole at the end of one year;

2) the Parole Commission deprived him of due process by denying him early termination of parole without first giving him notice and an opportunity to be heard;

3) the Parole Commission deprived him of due process by basing its decision to deny him early termination of parole on hearsay evidence and by giving insufficient weight to a favorable recommendation from his probation officer;

4) the Parole Act's failure to require the Parole Commission to review the parole status of a parolee until two years after his release on parole deprived him of due process; and

5) the Parole Act's failure to provide for an appeal from Parole Commission decisions denying early termination deprived him of due process.

The fact that Myers has couched these claims in constitutional terms does not automatically entitle him to judicial review. Before we may properly address the merits of Myers' claims, we must first be certain that they are in fact colorable constitutional claims.

■ In order to be colorable, a claim must have both legal and factual support. *Beaudry Motor Co. v. Abko Properties, Inc.,* 780 F.2d 751, 756 (9th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986). A claim is not colorable if it is factually unsupported, legally unsupported, or both.

■ All five of Myers' constitutional claims are due process claims. An indispensable element of any due process claim is a constitutional or statutory entitlement. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); *Hewitt v. Grabicki,* 794 F.2d 1373, 1380 (9th Cir.1986). No court or legislature has recognized a constitutional or statutory entitlement to early termination of parole, and we decline to do so here. Myers' due process claims against the Parole Commission thus lack a legal basis and are not colorable constitutional claims. Consequently, they are unreviewable. *See Wallace,* 802 F.2d at 1552.

The district court did not err in dismissing Myers' petition for lack of jurisdiction.

AFFIRMED.