876 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Franklin Cedric DANIEL, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION; John Gluch, Respondents-Appellees.
 No. 88-2108.
 United States Court of Appeals, Sixth Circuit
 June 14, 1989.
 
 Before KENNEDY, RALPH B. GUY and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Franklin Cedric Daniel, a pro se federal prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241.
 
 
 3
 Daniel is currently confined at the Federal Correctional Institution in Milan, Michigan, serving a twelve year sentence imposed by the United States District Court for the Eastern District of Michigan following his guilty plea to two counts of credit card fraud and one count of being a felon in possession of a firearm. Daniel filed his habeas petition in the district court challenging the computation of his parole. He alleges that: (1) the commission erroneously increased his offense severity rating and guideline range by attributing his codefendant's possession of cocaine and a handgun to him; (2) the commission double counted his prior convictions by using them to both determine his salient factor score and to exceed the guideline range; and (3) the commission erroneously increased his offense severity category by characterizing his offenses as "multiple separate offenses" instead of an overall scheme.
 
 
 4
 After a hearing before the Parole Commission, the Commission recommended presumptive parole after seventy-two months. Based upon multiple separate offenses of fraud, unlawful possession of a firearm, and intent to distribute cocaine, the panel rated Daniel's behavior as category four. The panel also found Daniel's salient factor score to be poor, which gave him an initial guideline range of 34-44 months before parole eligibility. Six to twelve months was added to the guideline range for Daniel's failure to appear in an Illinois state court. Finally, the panel recommended that Daniel serve sixteen months over the guideline range, based upon the serious nature of his prior offenses. Daniel pursued an unsuccessful appeal of the commission's decision to the National Appeals Board and then filed this petition for a writ of habeas corpus in the district court. The district court found that the commission's actions were not subject to judicial review, since the commission had acted within its discretion; it therefore dismissed the appeal. On appeal, Daniel raises the same issues as before the district court and seeks the appointment of counsel.
 
 
 5
 Upon review, we conclude the district court's judgment of dismissal should be affirmed for the reasons stated by the district court in its memorandum opinion and order.
 
 
 6
 The district court properly found that the Parole Commission's actions were not subject to judicial review, since they were discretionary factual conclusions, and were supported by the record. See Myers v. United States Parole Comm'n, 813 F.2d 957, 959 (9th Cir.1987); Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 7
 We further conclude that the Parole Commission did not "double count" Daniels prior convictions since it used the number of his prior convictions to determine his salient factor score and considered the serious nature of his prior offenses in exceeding the guidelines.
 
 
 8
 Accordingly, Daniel's motion for the appointment of counsel is hereby denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5); Rules of the Sixth Circuit.