892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard BENEDICT, Defendant-Appellant
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard BENEDICT, Defendant-Appellant.
 Nos. 88-10004, 88-10000.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1989.*
Decided Dec. 22, 1989.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Richard Benedict ("Benedict") timely appeals from the district court's order denying his motion to reconsider its previous denial of motions for modification of his sentences pursuant to Fed.R.Crim.P. 35(b). This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Appellant Benedict was sentenced to serve eighteen months in prison pursuant to 18 U.S.C. § 4205(b)(2) after having pled guilty to conspiracy to commit tax fraud. Benedict was ordered to serve this sentence concurrently with another eighteen month sentence that had been imposed earlier in a case for wire fraud.
 
 
 4
 After serving three months of his sentence, Benedict received his initial parole hearing. The Parole Commission ("Commission") considered Benedict's presentence report and assigned him a parole date of fourteen months and twelve days as called for under the salient factor test.
 
 
 5
 Benedict filed motions for modification of his sentences pursuant to Fed.R.Crim.P. 35(b). The motions were identical and alleged that the Bureau of Prisons should consider his (b)(2) parole sentencing classification when making parole decisions. The district court denied both motions. Benedict appealed the denial of his Rule 35(b) motions to this court which granted a motion for limited remand in both cases.
 
 
 6
 The appellant then filed with the District Court a motion for reconsideration of the order denying the motions, which the district court denied without an evidentiary hearing. Benedict timely appeals from this order. The two cases have been consolidated for the purposes of this appeal.
 
 II
 
 7
 Benedict claims that the Commission has exceeded its statutory limits by not giving him the special consideration that he alleges § 4205(b)(2) guarantees him. According to Benedict, being sentenced under (b)(2) means not only that he is immediately eligible for parole, but also that at the parole hearing the Parole Commission must treat his (b)(2) status as a special factor in its determination of whether and when to grant his parole. Benedict also claims that as a consequence the Commission has denied him due process within the meaning of the Fifth Amendment.
 
 
 8
 * Although "the scope of judicial review of the Commission's parole decision ... is exceedingly narrow," Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987) (per curiam), Benedict's claims appear to be reviewable. This court may consider claims brought against the Commission in two limited areas, where the Commission has exceeded the statutory limits set for it by Congress and where the Commission has violated the Constitution. Myers v. United States Parole Commission, 813 F.2d 957, 959 (9th Cir.1987)
 
 B
 
 9
 Contrary to Benedict's assertions, § 4205(b)(2) does not entitle him to any special consideration when the Commission considers whether to grant or deny him parole.[1] The courts have uniformly held that a (b)(2) prisoner deserves no special consideration when the commission sets a presumptive or effective release date. United States v. Wickham, 618 F.2d 1307, 1312 (9th Cir.1979) ("[b]oth (b)(2) prisoners and those with statutory minimum periods of incarceration receive the same treatment in being considered for parole"); Christopher v. United States Board of Parole, 589 F.2d 924, 932 (7th Cir.1978) (§ 4205(b)(2) "does not require that prisoners sentenced under that statute be considered for parole under any different criteria than other prisoners"); United States v. Baylin, 531 F.Supp. 741, 750 (D.Del.1982) ("(b)(2) prisoners are judged by the same substantive criteria governing all other prisoners in determining the advisability and timing of release").[2]
 
 
 10
 The sentencing judge may sentence convicted defendants under any one of three possible provisions, 18 U.S.C. § 4205(a), (b)(1), or (b)(2). All prisoners, however, are entitled to the same meaningful consideration to parole. This meaningful consideration is satisfied when the Parole Commission considers the nature and circumstances of the offense and the history and characteristics of the prisoner according to certain guidelines. See §§ 4206, 4207; Walker, 816 F.2d at 1317 ("Parole determinations for prisoners sentenced under § 4205(b)(2) are governed by the parole guidelines."). See also S.Rep. No. 369, 94th Cong., 2d Sess. 18, reprinted in, 1976 U.S.Code Cong. & Admin.News 335, 340 ("the standards and criteria [for parole] are made the same for all federal prisoners without regard to which of the three main sentencing alternatives is utilized by the court").
 
 
 11
 The only difference between § 4205(a), (b)(1), and (b)(2) prisoners is that (b)(2) prisoners are immediately eligible for parole[3] and "whenever feasible" are entitled to an initial parole proceeding not later than 120 days after their incarceration. 18 U.S.C. §§ 4205(b)(2), 4208. But while "the trial court may set a defendant's eligibility for parole at any time up to one-third of the maximum sentence imposed ... [w]hether the defendant will actually be paroled at that time is the decision of the Parole Commission." United States v. Addonizio, 442 U.S. 178, 189 n. 15 (1978).[4]
 
 
 12
 Benedict claims that the Commission ignored the § 4205(b)(2) provision in his sentence. However, the Parole Commission clearly took appellant's (b)(2) status into account when it held his initial parole proceeding after he had been incarcerated for only 90 days--well before the optimal 120 days--thereby acknowledging that Benedict was immediately eligible for parole.
 
 C
 
 13
 "An indispensable element of any due process claim is a constitutional or statutory entitlement." Myers, 813 F.2d at 960. Benedict's due process claim is based on his allegation that § 4205(b)(2) entitles him to some special consideration for parole release apparently beyond the same meaningful and serious consideration given to all prisoners eligible for parole. However, as discussed in section B, § 4205(b)(2) entitles him to no "special" treatment as to the parole decision, but only to an opportunity for potentially earlier consideration.
 
 
 14
 As the district court noted in its order denying the motion for reconsideration, Benedict has failed to allege any facts showing that the Commission did not give him the same serious and meaningful consideration that it gives to all prisoners. Because Benedict's due process rights, if any, merely entitled him to a parole hearing, which he received, we find no Fifth Amendment violation in this case.
 
 D
 
 15
 Finally, Benedict claims that the district court abused its discretion by not granting him a hearing on his Rule 35(b) motion. A district court's decision on a Rule 35(b) motion will be reversed only for illegality or gross abuse of discretion. See United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987). Rule 35(b) does not require that the court hear oral argument or hold a hearing. United States v. Maynard, 485 F.2d 247, 248 (9th Cir.1973).
 
 
 16
 Since Benedict has demonstrated no abuse of discretion, we find that the district court's decision to deny Benedict's motion without a hearing was proper.
 
 III
 
 17
 For the foregoing reasons, the district court's denial of Benedict's motion for reconsideration is
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 § 4205(b)(2) states that the sentencing court "may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the Commission may determine." 18 U.S.C. § 4205(b)(2)
 
 
 [2]
 Benedict relies on a case from the Eighth Circuit, Edwards v. United States, 574 F.2d 937 (8th Cir.1978), for his allegation that he is entitled to special consideration. Indeed, the court in Edwards found that § 4802(a), now § 4205(b)(2), ensured the prisoner, inter alia, that his conduct while institutionalized will be a substantial although not necessarily controlling factor in the Board's determination. Id. at 945. However, this case has since been criticized by the Eighth Circuit in Hayward v. United States Parole Com'n, 659 F.2d 857, 860-61 (8th Cir.1981), cert. denied, 456 U.S. 935 (1982). The court in Hayward noted that no statutory basis exists for such a special consideration. Id
 More importantly, the Ninth Circuit has held that a (b)(2) sentence "does not require that a prisoner be scheduled for any particular parole date, even assuming good institutional behavior." Walker, 816 F.2d at 1317.
 
 
 [3]
 If Benedict had been sentenced under 4205(a), he would not have been eligible for release on parole until having served one-third of his term or 6 months of his 18 month sentence. Similarly, if he had been sentenced under 4205(b)(1) he would have had a minimum term of his sentence to serve before he would have become eligible for parole. This minimum term could have been less than but could not have exceeded one-third of his sentence. In this case Benedict was immediately eligible for parole and received his initial proceeding after having served one-sixth of his sentence
 
 
 [4]
 Relying on United States v. Slutsky, 514 F.2d 1222 (2d Cir.1975), and Edwards, 574 F.2d 937, Benedict claims that the sentencing court's reasonable expectation of serious consideration for early release was not honored by the Commission. However, both cases were decided before Addonizio, in which the Supreme Court made clear that "the [sentencing] judge has no enforceable expectations with respect to the actual release of a sentenced defendant.... The actual decision is not his to make." Addonizio, 442 U.S. at 190. Thus, whether or not the Commission's actions in this case were consistent with the sentencing judge's expectations at the time of sentencing is legally irrelevant