50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard L. CLAPP, M.D., Plaintiff-Appellant,
v.
COUNTY OF MONO, James S. Reed, Counsel for Mono County, et
al.; State of California, on relation of its
Public employees' Retirement System,
Defendants-Appellees.
 No. 93-16617.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1995.
Decided March 2, 1995.
 
 Before: REINHARDT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Richard L. Clapp, M.D., appeals the dismissal of his lawsuit against Mono County, its board of supervisors and its county counsel, and against California Public Employees' Retirement System (PERS). Clapp's 42 U.S.C. Sec. 1983 claim against the County, the board of supervisors and the county counsel was dismissed as time-barred. His claims for declaratory and injunctive relief against PERS were dismissed as unripe. Finally, the court declined to exercise jurisdiction over Clapp's state law claims for breach of contract, fraud, negligence and violation of California Civil Code Secs. 52 and 52.1.
 
 DISCUSSION
 
 3
 A dismissal under Rule 12(b)(6) is subject to de novo review, but may be affirmed on any ground supported by the record. Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1306 (9th Cir.1992) (citing Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990); Myers v. United States Parole Comm'n, 813 F.2d 957, 959 (9th Cir.1987)), cert. denied, 113 S.Ct. 1644 (1993)).
 
 
 4
 In order to state a claim under 42 U.S.C. Sec. 1983, a plaintiff must allege an injury in fact--a deprivation of a right, privilege or immunity secured by the Constitution or federal law. 42 U.S.C. Sec. 1983. Clapp's alleged reenrollment into PERS does not constitute an injury cognizable at law. Neither does his failure to receive a hearing in connection with that reenrollment. The allegations of Clapp's section 1983 claim, therefore, fail to state a claim upon which relief may be granted. Dismissal without leave to amend was proper.
 
 
 5
 The question whether a matter is ripe for adjudication is jurisdictional in nature, and is thus reviewed de novo. Gemtel Corp. v. Community Redevelopment Agency, 23 F.3d 1542, 1545 (9th Cir.1994). In order to establish a "case or controversy" under Article III, a plaintiff must allege an injury which is distinct, palpable, and imminent, as opposed to conjectural or hypothetical. U.S. Const. art. III; Imagineering, 976 F.2d at 1308 (quoting Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990)).
 
 
 6
 Clapp is not employed by the County, and PERS does not currently hold any money on his behalf. Any potential future conflict between PERS and Clapp depends upon whether any pension may be due Clapp and whether PERS refuses to pay some obligation, if any, it may be found to owe Clapp. These matters are purely conjectural and the district court did not err in dismissing Clapp's claim against PERS as unripe.
 
 
 7
 Nor did the district court err in dismissing Clapp's state law claims. When a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise jurisdiction over pendent state law claims. 28 U.S.C. Sec. 1367; United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3