105 F.3d 668
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John J. VACCARO, Petitioner-Appellant
v.
Mark HENRY, Warden, Respondent-Appellee
 No. 95-56679.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John J. Vaccaro, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition challenging the revocation of his parole. The United States Parole Commission ("Commission") revoked Vaccaro's parole because he violated the provision that prohibited him form associating with person who have a criminal record. Vaccaro contends that the district court erred because: (1) the Commission lacked jurisdiction to revoke his parole; (2) his probation officer was a stalking horse for the Federal Bureau of Investigations (F.B.I.); (3) the Commission relied on illegal wiretap evidence in finding that he violated his parole; and (4) the hearing examiner violated his due process rights by denying him an opportunity to present witnesses at his revocation hearing. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253. We review de novo, Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989), and affirm.
 
 
 3
 Vaccaro contends that the Commission lacked jurisdiction to revoke his parole because § 235(b)(4)(B)(ii) of the Sentencing Reform Act of 1984 (the Act) divested the Commission of its revocation powers over prisoners. We disagree.
 
 
 4
 Congress officially abolished the Commission and parole on November 1, 1987, the effective date of the Act. Stange v. U.S. Parole Comm'n, 875 F.2d 760, 761 (9th Cir.1989). Congress extended the time period in which the Commission must set release dates for prisoners who will be in custody after its dissolution, until November 1, 1997. Judicial Improvements Act, Pub.L. 101-650, Title III, section 316, 104 Stat. 5115. Section 235(b)(4)(B)(ii) provides that the district court will make revocation determinations pertaining to prisoners who are released on a date set pursuant to section 235(b)(3), after the complete dissolution of the Commission. See Sentencing Reform Act, Section 234(b)(4).
 
 
 5
 Here, the Commission paroled Vaccaro in December of 1992, five years before § 235(b)(3) becomes effective. Therefore, § 235(b)(4)(B)(ii) is inapplicable to Vaccaro's case, because it applies only to prisoners who are paroled on a date set pursuant to § 235(b)(3). Accordingly, the Commission maintained jurisdiction over Vaccaro's case.
 
 
 6
 Vaccaro contends that John Gonska, his probation officer, was a stalking horse for the F.B.I., because he placed Vaccaro under continuous surveillance and threatened to revoke Vaccaro's parole, if he refused to become an F.B.I. informant. Neither the record nor current circuit case law support Vaccaro's claim.
 
 
 7
 A probation officer acts as a stalking horse for law enforcement agents if he conducts a probation search at the request of and in conjunction with police officers, thereby enabling the officers to bypass the Fourth Amendment search warrant and probable cause requirements. United States v. Vought, 69 F.3d 1498, 1501 (9th Cir.1995); United States v. Watts, 67 F.3d 790, 794 (9th Cir.1995), cert. denied, 116 S.Ct. 1369 (1996). We review for clear error whether a probation officer was a stalking horse. Vought, 69 F.3d at 1501; Watts, 67 F.3d at 794.
 
 
 8
 Here, F.B.I. agents witnessed Vaccaro meet with his co-defendant and other members of organized crime families, during an investigation into the infiltration of organized crime into legal riverboat gambling. The agents subsequently sent a letter to the Chief United States Probation Officer in Las Vegas informing him that Vaccaro violated the "association" provision of his parole. Gonska applied for a parole violator warrant, upon learning of Vaccaro's activities. Gonska served Vaccaro with the warrant in the presence of two F.B.I. agents who wanted to interview Vaccaro. Vaccaro did not speak with the agents, but ultimately admitted associating with his co-defendant and other ex-criminals.
 
 
 9
 According to current circuit authority, Gonska was not a stalking horse because the F.B.I. did not solicit him to perform a probation search or use his status as a probation officer to usurp the search warrant requirement. See Vought, 69 F.3d at 1501. The F.B.I. simply informed the Probation Office of Vaccaro's violation. Moreover, the F.B.I., not Gonska, placed Vaccaro and some of his associates under continuous surveillance. Furthermore, there is no evidence outside of Vaccaro's statement that Gonska tried to force Vaccaro to become an informant. Therefore, the district court's did not clearly err by denying this claim. See Watts, 67 F.3d at 794.
 
 
 10
 Vaccaro also contends that his revocation hearing was tainted because the F.B.I. relied on illegal wiretap evidence to find a violation. This claim lacks merit.
 
 
 11
 Review of a parole revocation decision is limited to determining whether the commission acted outside its authority or violated the Constitution. White v. White, 925 F.2d 287, 289 (9th Cir.1991). A parolee must offer both legal and factual support for constitutional habeas claims in order for them to be colorable. Myers v. Parole Comm'n, 813 F.2d 957, 960 (9th Cir.1987).
 
 
 12
 Here, F.B.I. agents monitored telephone calls of certain targets of the investigation. However, the telephone calls are irrelevant because the hearing examiner did not consider the wiretap evidence. Moreover, Vaccaro admitted to associating with ex-criminals, and offers no legal or factual evidence to support his claim that his personal telephone was tapped. In light of Vaccaro's admission, the Commission did not act outside of its authority by revoking his parole. See White, 925 F.2d at 289.
 
 
 13
 Finally, Vaccaro contends that the hearing examiner violated his due process rights by denying him an opportunity to call witnesses at the revocation hearing. We decline to address this issue because it is raised for the first time on appeal. United States v. Conkins, 9 F.3d 1377, 1382 (9th Cir.1993).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3