Darrell Lynn JOSEPH, Petitioner–Appellant,

v.

Jose BARRON, Jr., Respondent–Appellee.

No. 01–55291.

D.C. No. CV–00–09352–CM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Darrell Lynn Joseph appeals pro se the dismissal with prejudice of his 28 U.S.C. § 2241 habeas petition, challenging the revocation of his parole. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *see McLean v. Crabtree,* 173 F.3d 1176, 1180 (9th Cir.1999), we affirm.

Joseph first alleges that the United States Parole Commission ("Commission") violated his due process rights in finding that he was guilty of conspiring with a government informant to steal aircraft.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Jo-

seph's requests for appointment of counsel and oral argument are denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because Joseph did not exhaust this claim in his appeal to the National Appeals Board, he is precluded from raising it by a habeas petition. *See Ruviwat v. Smith,* 701 F.2d 844, 845 (9th Cir.1983) (per curiam).

Joseph next argues that the Commission's finding that he conspired to steal aircraft valued at $4.5 million was arbitrary and capricious. Given the ample evidence supporting the Commission's finding, the Commission's finding was within its discretion, and is not subject to judicial review. *See Delancy v. Crabtree,* 131 F.3d 780, 788 (9th Cir.1997).

Joseph's third contention is that the Commission was without jurisdiction to issue a warrant for parole violation because it failed to afford him the five-year parole termination hearing mandated by 18 U.S.C. § 4211(c)(1). This contention is unpersuasive. *See Benny v. U.S. Parole Commission,* 295 F.3d 977, 985 (9th Cir. 2002) (stating that a delayed hearing does not deprive the Commission of jurisdiction). Nor is he entitled to the "remedy" of immediate release. *See id.* (deciding that "a delay by the Commission in making an early termination does not result in automatic release."); *see also Myers v. U.S. Parole Commission,* 813 F.2d 957, 960 (9th Cir.1987) (declining to recognize a constitutional or statutory entitlement to early termination of parole).

Joseph's last contention is that the Commission engaged in vindictive and retaliatory behavior in response to his court pleadings. This claim is not cognizable through a § 2241 petition because it does not go to the fact or duration of his confinement. *See Benny,* 295 F.3d at 988–89.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Accordingly, the district court correctly dismissed Joseph's § 2241 petition.

AFFIRMED.