**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jeffrey David RAMIREZ, Defendant—Appellant.**

No. 04–30311.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 13, 2005.

John C. Ray, Office of the U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

Jeffrey David Ramirez, Lompoc, CA, pro se.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM **

Federal prisoner Jeffrey David Ramirez appeals pro se the district court's order

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

denying his Federal Rule of Criminal Procedure 35(a) motion to correct the sentence imposed following his guilty plea to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *see United States v. Reyes–Pacheco*, 248 F.3d 942, 945 (9th Cir. 2001), we affirm.

In 1983, Ramirez was sentenced to a 25–year term of imprisonment, with eligibility for parole to be determined by the Parole Commission. The district court correctly concluded that this sentence was not illegal. *See* 18 U.S.C. §§ 2113(d) and 4205(b)(2) (1983).

To the extent that Ramirez challenges the Parole Commission's use of the Pre–Sentence Report in determining his eligibility for parole, we lack jurisdiction to review the issue because Ramirez does not contend that the Parole Commission violated its statutory limits or the Constitution. *See Delancy v. Crabtree*, 131 F.3d 780, 787 (9th Cir.1997); *Myers v. U.S. Parole Commission*, 813 F.2d 957, 959 (9th Cir.1987).

**AFFIRMED.**